## DOWDY & ROBUCK v. MCARTHUR.

1. The land in controversy having been granted by the State in 1818 to " McDonald, Pope & Co.," a deed made in 1879 by Michael McDonald as administrator of James McDonald, under an order of the ordinary passed in that year granting leave to sell the premises as a part of the real estate of James McDonald deceased, with no evidence to show the identity of James McDonald in name or in person with the McDonald who was a member of the firm of McDonald, Pope & Co., or to show any relationship between them, is not sufficient to pass title out of McDonald, one of the grantees.
2. An original grant issued by the State in 1818 to " McDonald, Pope & Co." was in the possession of one W. S. Pope, Jr., in the year

v 94-37

1860, who then, for himself and as attorney in fact under a power executed in 1852 by other persons, some of them bearing the name of Pope and others the name of Hunter, sold and conveyed the premises covered by the grant, and at the same time delivered the grant itself to his vendee, the privies of whom now hold and produce it. The power of attorney recited that the makers thereof, together with the attorney himself, were the heirs of Wm. L. Pope, and the deed referred to the power. At the time of making the deed W. S. Pope, Jr., stated to his vendee, to whom he was a stranger, that he was the son of Wm. L. Pope. There was no further evidence tending to identify the last named, either in person or in name, with the Pope mentioned in the grant under the designation of McDonald, Pope & Co., or tending to prove any relationship of the Popes and Hunters to Wm. L. Pope or his family; and there was no evidence that any of them have died, or that any actual possession of the premises was ever taken or enjoyed under the deed. *Held*, that the evidence was not adequate to establish either the identity of Wm. L. Pope as one of the grantees from the State, or that the Popes and Hunters who conveyed by the deed were his heirs.

3. A deed by one as executrix, purporting to convey land as the property of her testator, passes no title without evidence that she was executrix and had authority, either by the will or by leave of the ordinary, to sell.

4. A woman to whom a devise was made, by the name of Sarah V. McLauchlin, and who afterwards conveyed the devised premises as Sarah V. Butler, describing herself in the conveyance as formerly Sarah V. McLauchlin, should be presumed to have acquired her new name by marriage, and no proof of her identity is required merely in consequence of this change of name.

June 25, 1894. Argued at the last term.                *Judgment reversed.*

Action of trespass. Before Judge Smith. Dodge superior court. March term, 1893.

The assignments of error in this case were upon the admission of evidence over objection, and to the charge of the court that the plaintiff had shown sufficient title to recover. The head-notes show the other facts material to this report.

E. A. Smith, E. Herrman and W. B. Coffee, for plaintiffs in error.   J. E. Wooten, *contra*.