### J. N. HANEY v. J. B. AND WM. GARTIN.

Decided July 4, 1908.

**1.—Defective Acknowledgment—Act Construed.**

The acknowledgment to a deed by a husband and wife was defective in that it did not appear therefrom that either of the grantors was known to the officer taking the acknowledgment to be the persons who executed the deed; the

deed had been on record in the proper county for more than ten years prior to the trial in which it was offered in evidence. Held, that under the Act of April 23, 1907 (Gen. Laws 1907, page 308), the deed was properly admitted in evidence in a suit of trespass to try title to the land described in the deed, and that neither the fact that said suit was pending at the time said Act was passed nor that the remedy to correct the certificate by suit was barred by limitation, affected the admissibility in evidence of the deed.

**2.—Will—Description of Land.**

A foreign will was duly certified and recorded in Lubbock County, Texas; it devised to the wife of the testator "the 160 acres in Tubbock County, Texas;" which land was referred to in another place in the will as "the farm in Texas;" it was shown that the testator owned no other land in Texas than that in controversy. Held, that the description in the will was sufficient to raise an inference that the land in controversy in Lubbock County was the same as that referred to in the will, and the will was admissible in evidence over the objection of insufficiency of description.

**3.—Devise—Will—Probate—Effect.**

Title to land under and by virtue of a will passes to the devisee upon the death of the testator; the probate of the will is but a legal formality required to evidence and give full effect to that right.

**4.—Identity of Persons—Deed—Recital.**

A tract of land was devised to Mary E. N.; a deed to the same land by Mary E. K. and her husband recited that the said Mary E. K. was formerly Mary E. N. Held, that the recital in the deed was competent evidence of the identity of the two persons.

**5.—Trespass to Try Title—Improvements—Pleading.**

A plea of improvements in good faith in a suit of trespass to try title, considered, and held good as against a general and special exception. Whether or not a party making improvements on land had the title examined by a lawyer before making the improvements is merely a matter of evidence upon the issue of good faith.

**6.—Trespass to Try Title—Improvements—Value—Evidence.**

In a suit of trespass to try title, evidence as to the value of improvements placed on the land by the defendant, considered, and held sufficient to support the judgment of the court for the value assessed.

Appeal from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

*H. C. Ferguson* and *H. C. Randolph,* for appellant Haney.—The court erred in overruling plaintiff's special and general demurrer to that part of the defendant's answer setting up that they had made improvements in good faith on the land sued for, and in holding that it was not necessary for the defendants to state the grounds of their good faith. Sayles' Civ. Stats., art. 5277; Holstein v. Adams, 72 Texas, 490; Miller v. Brownson, 50 Texas, 583; Thompson v. Comstock, 59 Texas, 318; House v. Stone, 64 Texas, 685 to 687; Hatchett v. Conner, 30 Texas, 113.

*Geo. L. Beatty* and *McGee & Puckett,* for appellants Gartin.—The curative Act of the Thirtieth Legislature, intended to heal defective certificates of acknowledgments of deeds and other instruments in writing, permitted or required by law to be recorded in the office of the county clerk, was not intended to apply to pending suits. This cause being a pending suit at the time the said law was enacted and became effective,

the deed now under consideration was excepted from the operation of this law, and was not admissible over the objections of the defendants without proof of its execution as required at common law. Sayles' Stats., p. 1902, sec. 5; Hall v. Wooters, 54 Texas, 231; Bitner v. New York & T. Land Co., 67 Texas, 343; Steed v. Petty, 65 Texas, 496; Black on Interpretation of Laws, p. 357.

The validating or curative Act of the Thirtieth Legislature is inoperative and void insofar as it attempts to heal or cure certificates of acknowledgments more than four years old at the time this law became effective. The certificate of acknowledgment at the foot of the deed now under consideration bears date of September 10, 1883, and the right to inquire into and correct such certificate was barred by the statute of limitations of four years, and the Legislature is without power to revive and restore a right lost by limitation. Starnes v. Beitel, 50 S. W., 202; Norton v. Davis, 83 Texas, 32; DeCordova v. City of Galveston, 4 Texas, 473; Mellinger v. City of Houston, 68 Texas, 39; Hamilton v. Flinn, 21 Texas, 716; Grigsby v. Peak, 57 Texas, 146.

The will does not describe the 160 acres of land in controversy, nor is there any evidence to show what the testator meant by the words, "the 160 acres in Tubbock County, Texas," and under such conditions the will proved nothing, and was not admissible in evidence for any purpose, over the objections of the defendants. Norris v. Hunt, 51 Texas, 612; Pfeiffer v. Lindsay, 66 Texas, 124; Hermann v. Likens, 90 Texas, 452; Coker v. Roberts, 71 Texas, 601.

The grantors in the deed from Kurtz and wife to Butterfield are unknown to the record title except as they appear in this deed. The mere recital in the deed that Mary E. Kurtz was formerly Mary E. Newlin is not evidence of such fact as against strangers to such deed. Williams v. Chandler, 25 Texas, 10; McCoy v. Pease, 42 S. W., 660.

CONNER, CHIEF JUSTICE.—J. N. Haney instituted this suit in the District Court against appellees on the 11th day of July, 1906, to recover the title and possession of one tract of eighty acres of land and another of one hundred and sixty acres, situated in Lubbock County, and fully described in his petition. Appellees pleaded not guilty, the plea of five years' limitation (which appears to have been abandoned), and one suggesting improvements in good faith. Appellant filed a supplemental petition, with general and special exceptions, addressed to the plea suggesting improvements in good faith, which were overruled by the court, and the cause proceeded to trial on the pleadings above stated on the 5th day of November, 1907, before the court without a jury, and resulted in a judgment in favor of appellant for both tracts of land described in his petition, and in favor of appellees for the value of improvements to the extent of sixteen hundred and seventy-three dollars, from which all parties have appealed and assign errors.

Appellees admit that appellant has title to the eighty-acre tract of land sued for, but raise by their assignments, which we will first dispose of, various questions affecting appellant's title to the one hundred and sixty acres adjudged to him. This one hundred and sixty acres of land is part of a larger survey patented to Seth Brown January 30, 1879, from whom, through conveyances in regular order, appellant has title. On the

trial appellees objected to the admission in evidence of the deed from Seth Brown and wife, Maranda Brown, to David Armstrong, on the ground that it was defectively acknowledged, and hence improperly recorded, and inadmissible without proof of its execution, which was not attempted. The acknowledgment is clearly defective in that it does not appear therefrom that Seth Brown or his wife was known to the officer taking the acknowledgment to be the persons who executed the deed. It appears, however, that the deed was in fact recorded in the proper county January 10, 1884, and that Revised Statutes, article 2312, was amended by an Act of the Legislature approved April 23, 1907 (see General Laws 1907, page 308), which specially provides that: ". . . every instrument which has been or hereafter may be actually recorded for a period of ten years in the book used by said clerk for the recording of such instruments, whether proved or acknowledged in such manner or not, shall be admitted as evidence in any suit in this State without the necessity of proving its execution; provided no claim adverse or inconsistent to the one evidenced by such instrument shall have been asserted during that ten years; . . . and after such instrument shall have been actually recorded as herein provided for a period of ten years it shall be no objection to the admission of same, or a certified copy thereof, as evidence, that the certificate of the officer who took such proof or acknowledgment is not in form or substance such as required by the laws of this State, and said instrument shall be given the same effect as if it were not so defective." The Act clearly includes conveyances of land, and is certainly broad enough in terms to embrace the deed under consideration, and to answer the objection made to its admission in evidence.

But appellees insist that it does not apply in that, first, an adverse claim, inconsistent with the deed, is shown to have been asserted within the ten years' record relied upon; and second, that the Act was not intended to apply to pending suits; and third, that inasmuch as more than four years had elapsed from the taking of the said acknowledgment, the right to inquire into and correct such certificate was barred by limitation, and the Legislature was hence without power to revive or restore a right so lost.

These contentions, however, we think more plausible than sound. The suit was not for the correction of the certificate, and the Act evidently purports only to govern the practice or procedure in cases to which it applies upon the introduction of evidence, and is therefore remedial in its nature, applying to suits pending at the time it took effect, as well as to those thereafter instituted. Statutes will not be permitted to take away a right vested or to restore one lost prior to their enactment, but the statute in question confers no right of property in appellant not theretofore existing. It was the deed, and not the acknowledgment, that gave the right, and the statute merely affords a manner of proving the deed, in the absence of an affidavit attacking it, that under the circumstances was not before given. Nor does the statute deprive the defendants of any right in property vested before its enactment; it merely deprived them of an objection to its admission in evidence that would have been available under former laws. Says Mr. Sutherland, in his work on Statutory Construction (article 164, p. 220): "A statutory right is to be distinguished from the remedy for its enactment. . . . New statutes may

be valid which take away defenses based on irregularities and informalities. . . ."

Nor does the record support the contention of an adverse claim within the quoted proviso of the statute. After the record of the deed the first ·adverse claim was that of defendants' vendor, Judge Geo. L. Beatty, by virtue of a purchase at a tax sale May 7, 1901, more than ten years after the record of the deed executed by Seth Brown and wife; "That ten years," and not the ten years immediately preceding the suit, brought the case within the statute we have quoted. We are of opinion that the deed mentioned was properly admitted in evidence. This conclusion also applies as well to the objection made to the admission of a deed from Easter Armstrong to Paris Cox, because of a defective acknowledgment, the use of the name "Easter," instead of "Ester," being regarded as a mere clerical error.

The will of A. W. Newlin was shown to have been regularly probated in Pennsylvania in October, 1895, was properly certified and recorded in Lubbock County on September 5, 1906. It devised to his wife, Mary E. Newlin, among other things, "the 160 acres in Tubbock County, Texas," referred to in another place as "the farm in Texas." Title to the one hundred and sixty acres in controversy having been shown to have devolved upon A. W. Newlin, and it not appearing that A. W. Newlin ever owned any other land in Texas, we think the description in the will sufficient to raise an inference that the land in controversy was the same as that described in the will, which was therefore admissible as against the objection of an insufficient description.

Nor is the will subject to the objection that it conferred an after-acquired title because recorded in Texas after the institution of the suit. The will conferred the right upon Mary E. Newlin upon the death of the testator. Its probate in Pennsylvania and record in Texas were but legal formalities required to evidence and give full effect to that right. Revised Statutes, articles 5353 and 5355.

The admission of the deed from T. J. Kurtz and Mary E. Kurtz to Frank Butterfield, purporting to convey the land in controversy, was also objected to on the ground that the grantors are not shown to have other connection with the title. The deed recites, however, that Mary E. Kurtz was formerly Mary E. Newlin, and this recital, without other evidence of its truth, and even as against strangers to the title, is competent evidence on the issue of identity which is involved. As a whole the deed purports to have been executed by Mary E. Newlin, although partially under another name. At least, there is partial identity in name, and this, in the absence of all controverting evidence, is sufficient, it seems, to show that Mary E. Kurtz, who signed the deed, is the same person as the Mary E. Newlin to whom the land had been devised, it being presumed that the change in surname was brought about by marriage. Chamblee v. Tarbox, 27 Texas, 144-145; Dowdy v. McArthur, 94 Ga., 577; 21 S. E., 149.

There is an objection also to the conveyance from Jennie S. Steel and R. W. Steel to appellant Haney, on the ground that the grantors are not shown to have connection with the title, and that it is but a quitclaim deed. The deed purports to convey all the title the grantors had, and the evidence, as presented in the transcript, shows that it had descended in

regular sequence from the patentee to Jennie S. Steel; it was, therefore, clearly admissible in evidence.

Having thus adversely disposed of all objections made by appellees to appellant's title to the land, it remains for us to determine the questions presented by the cross-appeal of appellant that relate to the issue of improvements in good faith pleaded by appellees. Appellant first assigns error to the action of the court in overruling his general and special demurrers to appellees' plea setting up such improvements. The plea is as follows: "The defendants in the above styled and numbered cause suggest to the court that they and those under whom they claim have had adverse possession, in good faith, of the lands and premises described in plaintiff's petition for more than one year before the commencement of this suit, and defendants say that the lands described in plaintiff's petition were delinquent for the State and county taxes due thereon for the year A. D. 1898, and thereafter, to wit: On the 2d day of March, A. D. 1900, the State of Texas, as plaintiff, brought suit against the unknown owner of said lands in the District Court of Lubbock County, Texas, for the unpaid taxes due thereon," and made additional allegations showing a regular foreclosure and sale thereunder to Geo. L. Beatty, and deed to him May 7, 1901, and continuing as follows: "That thereafter, to wit, on the 31st of December, 1901, said Geo. L. Beatty, by warranty deed duly executed, conveyed the said lands and premises to these defendants for a valuable consideration to him paid, and these defendants believed, and had good reason to believe, that they thereby acquired a good and valid title to said lands." To which the only special exception was: "Because it does not appear by said answer that the defendants believed, or had any reason to believe, that, at the time they took possession of the land sued for, that the title was good, or that they ever examined it, or had it examined, or knew what it was." We think the plea good as against the general demurrer, and insofar as it omits deficiencies pointed out in the special exception it is not subject to legal objection. The fact that appellees may or may not have examined or had examined the title under which they entered was merely matter of evidence on the issue of good faith, which it was unnecessary to plead.

It follows that no error was committed by the court, as alleged under the second assignment, in permitting appellee to state the ground of his good faith as pleaded, the only objection to this evidence offered being that it was not alleged in the plea that "he (the witness) had examined the title, or knew what it was, or that he had any reason to believe that the title he was buying was good." The same objection is urged in the third assignment to the rendition of judgment for appellees for the value of improvements.

In the fourth and last assignment, questioning the judgment on the issue of improvements, it is insisted that the court erroneously gave judgment for sixteen hundred and seventy-three dollars, when the proof shows that the land "without the improvements was of the market value of $10 per acre, or $1,600, and with the improvements placed thereon by the defendants it was of the market value of $12.50 per acre, or $2,000 for all of said land." No proposition follows this assignment, and we think that, as made, it should be overruled. While the evidence referred to in the assignment, of course, tends to show that the court's judgment

was excessive, it cannot be said to be conclusive on the subject. Appellees' proof, which is not controverted on this point, shows that they placed upon the land in controversy, in good faith, permanent improvements of a total value of $1,733.05, which must be held to be at least some evidence that the value of the land was actually enhanced to the amount of the judgment, as required by statute. (Revised Statutes, article 5278, subdivision 1.) We think, at least, we must attribute to the court a finding to this effect, and that, therefore, the assignment must be overruled.

Having found no reversible error, as assigned, by either party, we order that the judgment be in all things affirmed.

*Affirmed.*

Writ of error refused.