## POWELL v. GIBSON, County Superintendent of Public Instruction of Trinity County, Tex.

### No. 9632.

Court of Civil Appeals of Texas. Galveston.

Nov. 12, 1931.

J. J. Collins and R. W. Fairchild, both of Lufkin, and C. H. Crow, of Groveton, for plaintiff in error.

M. L. Bennett, of Normangee, W. S. Poston, of Lufkin, and Max M. Rogers, of Groveton, for defendant in error.

GRAVES, J.

Plaintiff in error sought a mandamus against the defendant in error as county superintendent of public instruction of Trinity county to compel the latter's approval of a contract the former had made with the trustees of common school district No. 7 of that county, whereby he had been employed by them to teach the Apple Springs school at a salary of $150 per month from and after September 8, 1930, alleging: That the county superintendent, on presentation of the contract to him, had declined to approve or to sign it; that he himself was qualified in every way for the position; that sufficient funds had been duly apportioned and were then on hand with which to pay for his services as such teacher; and that the defendant in error in refusing to approve the contract had acted arbitrarily, without any valid or legal excuse, and in response to personal animosity toward plaintiff in error, or from some other improper motive; that "an appeal from the action of the defendant herein to the County Board of School Trustees and then to the Court or to the State Superintendent would occasion an unreasonable delay in a hearing of this matter and work a great hardship upon both the plaintiff herein and the School District; that the legal remedy open to the plaintiff herein by appeal of his case from the order of the defendant herein to the County Board and from the County Board to the State Superintendent of Public Instruction and from the State Superintendent to the State Board of Education, thence back to this Honorable Court of Trinity County, Texas, would be a tedious, slow, circuitous and burdensome course; that a final termination of this matter could not be had before the next term of this court and the term of school would have been practically closed by that time and an undue hardship and great disadvantage occasioned the plaintiff in this cause as well as the School District in which he has contracted to teach; that said legal remedy from this order would not be adequate; that the equitable remedy by mandamus is a more convenient, beneficial and effectual remedy and the only adequate remedy available to the plaintiff herein and this suit is brought to obtain a writ of mandamus against the defendant herein compelling him to formally approve said contract."

The defendant interposed some special exceptions and a general demurrer to the petition. On consideration thereof the able trial judge sustained the general demurrer and three of the special exceptions, and dismissed the suit. From that judgment this appeal regularly proceeds.

This court affirms the judgment, being of opinion that the failure of plaintiff in error to first exhaust the remedy afforded him by law by appealing to the proper school authorities left him in no position to resort to the courts, however arbitrary or unreasonable the action of the county superintendent may have been. Dunkin v. Bowman (Tex. Civ. App.) 22 S.W. (2d) 683; Boyles v. Potter County (Tex. Civ. App.) 177 S. W. 210; Bishop v. Houston Ind. School District, 119 Tex. 403, 29 S.W.(2d) 312; Johnson v. City of Dallas (Tex. Civ. App.) 291 S. W. 972.

The affirmance will accordingly enter.

Affirmed.