27983. HALL *et al.* v. KELLY.

DECIDED FEBRUARY 15, 1940.

*S. W. Fariss, Maddox & Griffin,* for plaintiffs in error.

*Wright & Willingham, J. M. C. Townsend, F. M. Gleason,* contra.

FELTON, J. E. H. Kelly sued E. P. Hall Jr., doing business under the trade-name "Walker County Messenger," and J. C. Keown, individually, and as a member of the "taxpayers' committee," for damages for libel alleged to have been published by the defendants in a series of articles in the newspaper "Walker County Messenger." The general and special demurrers of the defendants were overruled and they excepted. One ground of demurrer was that the action was prematurely brought for the reason that no notice in writing had been given to the publisher of the newspaper, "specifying the article and the statements therein which he claims to be false and defamatory and further stating in said notice what the complaining party claims to be the true state of facts," as required by Ga. L. 1939, p. 343, which act provides that such notice must be given to the newspaper before any civil action can be filed because of any publication of a libel in a newspaper. The alleged libel occurred before the passage of the act of 1939, and the suit was filed after its passage.

1. This demurrer should have been sustained. The act of 1939 specifically excepted from its operation such actions as were pending at the time of its passage, thereby evidencing a clear and indisputable intention that it should apply to *causes* of action then in existence on which no suits had been filed. This law was on the statute books at the time the instant suit was filed, and was and is presumed to be constitutional and valid until it is attacked and set aside. The plaintiff below made no attack whatsoever upon the statute in his petition, or otherwise in the lower court, so far as the record shows, and it is too well settled to require citation of authority that unless it appears from the record that a constitutional question was raised and passed on by the trial court, provided there was opportunity to do so, the question can not be raised on appeal. In this case the act took away from the plaintiff certain rights. Whether they were vested or not we are not required to say. In order for the plaintiff to maintain an action to enforce the rights taken away by the act it was incumbent upon him to affirmatively assert its unconstitutionality and invalidity in his suit, because otherwise the validity of the law was presumed and its application to his case written into his petition, as it were. In pass-

ing on this demurrer the trial court evidently decided that the act was unconstitutional as to this plaintiff, but he was not authorized to do so because the question was not before him and it was his duty under the circumstances to treat the act as constitutional and valid. In this view it was error for the court to overrule the demurrer under discussion. This conclusion renders it unnecessary to pass on the other questions involved.

*Judgment reversed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. Before the passage of the act of 1939 (Ga. L. 1939, p. 343), a libellous charge which was actionable per se, i. e., without proof of special damage, gave a right of action to the person libelled and the right to recover general damages therefor, notwithstanding the publisher of the libel might have acted in good faith, might have had reasonable grounds for believing that the statements contained in the libel were true, or might have published a full and fair correction or retraction of the charge contained in the publication. This was a vested right in the person libelled. The act of 1939 abrogates this right where by its terms it provides that where it appears upon the trial that the alleged libellous article was published in good faith, that its publication was due to an honest mistake of the fact, that there were reasonable grounds for believing that the statements were true, and that within ten days after service of a prescribed notice upon the publisher of the libel the publisher made a full and fair correction or retraction, the libellous charge is not actionable per se, and the person libelled can not recover of the publisher general damages as in the case of a libel which is actionable per se, but can recover only "such special or actual damages" as he shows he has sustained. If the act of 1939 is construed as applying to actions for libel which had accrued before the date of its passage it would operate to deprive the person who had been libelled under a charge which was actionable per se of a vested right, and would therefore be unconstitutional. Giving to the act a construction that will render it constitutional, it must be construed as not having application to any cause of action for libel which had arisen before its passage. This is true notwithstanding the act by its terms expressly states that it shall not apply to any action for libel pending at the time of its passage in any of the courts of this State.

I am of the opinion that the act of 1939 has no application to the

present suit for libel, which is one in which the right of action arose before the passage of this act. I therefore dissent from the judgment of reversal, which is based upon the ground that the provisions of the act of 1939 are applicable, and that upon an application of these provisions the petition failed to set out a cause of action.