KELLY *v.* HALL *et al.*

No. 13555. JANUARY 15, 1941.

*Frank M. Gleason, J. M. C. Townsend,* and *Wright & Willingham,* for plaintiff.

*S. W. Fariss* and *Maddox & Griffin,* for defendants.

JENKINS, Justice. ■ The decision of the Court of Appeals in *Hall* v. *Kelly,* 61 *Ga. App.* 694 (7 S. E. 2d, 290), between the same parties, is the law of this case, that the *original* petition for damages, on account of an alleged newspaper libel, instituted after the passage of the act approved March 20, 1939 (Ga. L. 1939, p. 343), was subject to demurrer as prematurely brought, since it failed to allege that the plaintiff had given to the defendants written notice with an opportunity to correct or retract the publication in the newspaper where it appeared, as provided for by that act. Accordingly, the judgment of the trial court dismissing the action must be affirmed, unless this act be unconstitutional under the plaintiff's attack, first made in his amendment filed when the remittitur from the Court of Appeals was made the judgment of the trial court; this amendment constituting the sole change in the original petition.

■ It is the general rule that until a judgment is rendered there is no vested right in a claim for damages for a tort which is not connected with or does not grow out of a contractual relation. 16 C. J. 676 (§ 254), and cit. As to a libel, see Abbott *v.* Tacoma Bank, 175 U. S. 409 (20 Sup. Ct. 153, 44 L. ed. 217). Nor is there any rule of law that would preclude the legislature from abolishing a penalty before a judgment has been rendered thereon. *Woodburn* v. *Western Union Telegraph Co.,* 95 *Ga.* 808, 809 (23 S. E. 116) ; *Bank of St. Mary's* v. *State,* 12 *Ga.* 475; 16 C. J. S. 677 (§ 255). With apparently no adjudicated exceptions, it is the rule that until judgment is rendered a plaintiff has no vested right to punitive damages, and accordingly the right to such damages may be taken away by a statute taking effect even after a verdict but before judgment has been rendered thereon. 16 C. J. S. 677 (§ 254), and cit.; 12 C. J. 973 (§ 555), and cit.

■ Under the preceding rules, the fact that the alleged libelous

articles were published before the adoption of the act referred to, limiting the plaintiff's previously-existing right to recover punitive damages, did not render the law unconstitutional as violating Federal and State provisions against the deprivation of property without due process of law (14th Federal amendment, Code, § 1-815; art. 1, sec. 1, par. 3, State constitution, § 2-103), with respect to an action which was instituted after the approval of the act. The court did not err in dismissing the action.

*Judgment affirmed. All the Justices concur.*