## TWISS et al. v. BOYLE.
### No. 14616.

Court of Civil Appeals of Texas. Fort Worth.

March 31, 1944.

Rehearing Denied April 21, 1944.

Grover Sellers, Atty. Gen., and R. Dean Moorhead, Asst. Atty. Gen., for appellants.

Clarence E. Farmer, of Fort Worth, for appellee.

McDONALD, Chief Justice.

From the pleadings and the evidence it appears that appellee Mrs. Boyle is entitled to receive old age assistance under the provisions of Article 695c, Vernon's Texas Civil Statutes, known as The Public Welfare Act. She brought this suit in the District Court of Tarrant County, naming as defendants Anne Twiss, the area supervisor for the administration of old age assistance in Tarrant and Parker Counties, and O. L. McDonald, a field worker. Her petition charges in substance that Mrs. Twiss and McDonald arbitrarily, capriciously, unreasonably and in violation of law reduced appellee's grant of assistance, on or about July 1, 1943, from $23 to $16 per month. In view of the conclusions which we have reached, it is unnecessary to detail here the respects in which appellee charges appellants with a failure to observe what she alleges to be the applicable law. The prayer is for the court to issue a writ of mandamus compelling appellants to determine the amount of old age assistance to which appellee is entitled, but in an amount not less than $30 per month, that they be ordered to observe the law applicable thereto, and that they be ordered to certify within twenty days to the State Department of Public Welfare at Austin, Texas, the amount of the grant of old age assistance so determined by appellants in accordance with the judgment to be entered in this suit.

The trial court, upon verdict of the jury, rendered judgment granting in part the relief sought by appellee.

Section 25 of the Act provides that any person who is dissatisfied with the action of the local unit of administration shall have the right to appeal to the State Department of Public Welfare, and shall be granted a reasonable notice and opportunity for a fair hearing before the State De-

partment. It is undisputed that appellee took no such appeal from the action of the local administrative unit.

 Under the rule announced in many decisions it was necessary that Mrs. Boyle exhaust the administrative remedies provided by the statute under which she claims her right to old age assistance, before resorting to judicial relief. An excellent discussion of the rule, and citations of many decisions applying the rule, may be found in Oklahoma Public Welfare Commission v. State ex rel. Thompson, 187 Okl. 654, 105 P.2d 547, 130 A.L.R. 873. See also Palmer Publishing Co. v. Smith, 130 Tex. 346, 109 S.W.2d 158; Powell v. Gibson, Tex.Civ.App., 43 S.W.2d 1113; Donna Independent School District v. First State Bank, Tex.Civ.App., 227 S.W. 974; Plummer v. Gholson, Tex.Civ.App., 44 S. W. 1, writ of error refused; Harrell v. Thompson, 140 Tex. 1, 165 S.W.2d 81. As is said in the Palmer Publishing Co. case, supra [130 Tex. 346, 109 S.W.2d 159]:

"It is elementary that mandamus will not lie, where the relator has another plain and adequate remedy in law. Equally well settled is the further proposition that in a proper suit of this character relator's petition must show that he has exhausted his remedy of appeal as provided by statute."

Appellee argues that the provision for appeal to the State Department is meaningless, as a practical matter, because the State Department, under the provisions of Section 2 (1) and Section 3 (3), consists of the State Board, the Executive Director, and all of the agents, representatives and employees in the Department. She says that it would be impossible to present an appeal to this entire group of persons. There is no evidence in the record before us concerning what provision, if any, has been made for appeals by rules and regulations of the Department. Applicable, therefore, are the provisions of Section 3 (3), providing that whenever, by the terms of the Act, any right, power, or duty is imposed or conferred on the State Department of Public Welfare, such right, power, or duty shall be possessed and exercised by the Executive Director, unless such right, power, or duty is specifically delegated to the duly appointed agents or employees, or any of them, by the terms of the Act itself, or by an appropriate rule, regulation, or order of the State Welfare Board. Under this section the appeal would be taken to the Executive Director, unless otherwise provided by rule, order, or regulation of the State Board.

Appellee further argues that the evidence shows that the local workers acted upon instructions from the State Department, and that an appeal to the State Department would have been fruitless. If we are to indulge in any presumption it must be that the State Department would have acted lawfully in disposing of the appeal.

Since appellee's failure to exhaust the administrative remedies provided by the Act compels us to deny the mandamus, we shall not undertake to decide other questions raised by the parties.

The judgment of the trial court is reversed, and judgment is here rendered that appellee take nothing by her suit.