THE CITY OF SHERMAN ET AL V. JAMES OTWAY ARNOLD.

No. A-2366. Decided January 25, 1950.
Rehearing overruled February 22, 1950.
(226 S. W., 2d Series, 620.)

*Joe A. Keith* and *Murray H. Nance, Jr.,* both of Sherman, for petitioner.

The Court of Civil Appeals erred in holding that the Civil Service Commisison had jurisdiction to order respondent reinstated in the Sherman Fire Department under the Civil Service Act, Article 1269m, R. C. S., and in holding that respondent was illegally suspended because the said commission had not adopted rules as required by said statute, and that the notice of suspension served upon him was not sufficient grounds for such suspension. Also, the court erred in ordering respondent reinstated since said commission heard no evidence and found no facts relative to the charges against him. King v. Morehead, 203 S. W. (2d) 940; Fire Department of the City of Fort Worth v. City of Fort Worth, 147 Texas 505, 217 S. W. (2d) 664; Dean v. Star Hardw. & Furn. Co., 296 S. W. 639.

*Orville M. Jobe,* of Waco, for respondent.

Where statutory authority is given to discharge a municipal fireman, and the method to be followed in doing so is prescribed in the same statute, the head of the department is bound to follow this method, and the discharge of respondent, not being in the mode prescribed in said statute, was illegal and respondent was entitled to a writ of mandamus ordering his reinstatement. Cawthon v. City of Houston, 71 S. W. 329; Proctor v. Blackburn, 67 S. W. 548; Ellis v. Holcomb, 69 S. W. (2d) 449.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

In this case respondent, Jimmie Otway Arnold, seeks a writ of mandamus to compel the City of Sherman, its commissioners and other named officers, petitioners, to reinstate him in "his former position or status in the classified service of the Sherman Fire Department" and to pay his salary from the date of his suspension. An adverse trial court judgment reversed by the Court of Civil Appeals, and the writ granted, Associate Justice Young dissenting. 222 S. W. (2d) 314.

The issues at bar are determined by the provisions of Art. 1269m, Vernon's Anno. Civ. Stat., Acts 50th Leg., (1947) Reg. Sesss., Ch. 325, p. 550, commonly called the Firemen's and Policemen's Civil Service Act.

In accordance with Sec. 27(a), of Art. 1269m, supra, the City of Sherman adopted the Act at an election held on December 2, 1947, and thereafter appointed a firemen's and policemen's civil service commission to administer it, as provided in Sec. 3. Those so appointed then qualified and assumed office.

On August 25, 1948, respondent, a salaried member of the city's fire department, had an altercation with the chief of that department; whereupon the latter delivered to respondent this notice:

"In accordance with Rule 19, Section 110, of the Civil Service Rules and Regulations or Laws of March 29, 1948, you are charged with the following offenses considered to be against the interest of the Service. Therefore, it is necessary that your Indefinite Suspension be considered by the Civil Service Commission to promote the efficiency of the Service.

"Charge No. 1. Insubordination.

"Charge No. 2. Assault and Battery.

"On August 25, 1948, or on about 11:00 A.M. * * * on the front side-walk of the Central Fire Station * * * Jimmie Otway Arnold did verbally and physically attack me while I was on my official duty as Fire Chief causing bodily injury, humiliation and bringing discredit upon the Service.

"In accordance with Rule 19, Section 112, of the Civil Service Rules and Regulations or Laws of March 29, 1948, you are hereby notified that you have ten days after receipt of this letter, within which to appeal to the Commission."

On August 28 respondent filed with the commission a writ-

ten notice of appeal, in which he denied the truth of these charges. The commission set the matter for hearing on September 17. Then respondent filed a motion excepting to the charges and praying that they be dismissed and that he be reinstated; and, among several supporting grounds, he alleged: "That Section 23 of Article 1269m of the Revised Civil Statutes of Texas requires the Civil Service Commission to publish all rules and regulations which may be promulgated by it, and in this connection, the Defendant shows to the Board that the Civil Service Commission has not legally adopted rules and regulations, and if such rules and regulations have been adopted that same have not been published as required by the above law, therefore this Board is without jurisdiction to hear this matter and the only action it can take in the premises is to dismiss said charges and reinstate the Defendant in the Sherman Fire Department."

The commission sustained respondent's motion with the following notation: "Filed September 17, 1948, Sustained by Civil Service Commission. J. D. Buster, Chairman."

The commission took that but no other or further action because, according to the testimony of Mr. Buster, "The rules and regulations with reference to the procedure of the Civil Service Commission had been prepared and adopted by the Civil Service Commission[1] and referred to the City Commission of the City of Sherman for approval and adoption. The rules as to claffication had not been presented to the City Commission at that time for approval, but were prepared and ready for presentation."

Under Art. 1269m, supra, in so far as the issues raised in this case are concerned, several steps were necessary to set up a firemen's and policemen's civil service, namely, (1) a favorable majority in an election held by the city desiring to adopt it, after which it becomes the duty of the city's governing body to put the law into effect (Sec. 27(a)); (2d) appointment and confirmation of a firemen's and policemen's civil service commission; (3) the making by this commission of rules and regulations to prescribe what constitutes cause for removal or suspension of firemen and policemen provided it involves one or more of the grounds specified in the Act (Sec. 5); (4) the classification by the commission of all the city's firemen and policemen, with such classification and the number of positions in

---

1. This seems to explain the reference in the fire chief's notice to respondent, supra, to "Rule 19, Section 110" and "Rule 19, Section 112, of the Civil Service Rules and Regulations or Laws of March 29, 1948."

each class to be provided by ordinance of the city (Sec. 8) ; and (5) the publication by the commission of all rules and regulations which it may promulgate under (3) and (4), above (Sec. 23).

So, at the time the charges against respondent were dismissed, the election had been held and the commission appointed and confirmed; the rules prescribing cause for removal or suspension of firemen and policemen and giving them a civil service classification had been prepared, but they had not been promulgated. The commission considered; according to Mr. Buster, that the rules relating to removal and suspension had to be submitted to the city's governing body for approval and adoption before they could be published; and respondent apparently does not question that conclusion. At any rate, those rules admittedly had not been published as directed by Sec. 23, of the Act. The rules classifying firemen and policemen in Sherman to fix their civil service status had been written but had not been submitted to the city commission for ordinance action, as Sec. 8 requires, and had, therefore, not been published as required by Sec. 23.

■ Since it is clear that the city had not taken some of the steps necessary to make the Act effective in Sherman, respondent is correct in his contention that the commission had neither legally adopted nor published rules and regulations prerequisite to jurisdiction to hear and determine the charges against him. "The full performance of all conditions established by the civil service laws is an essential prerequisite to the jurisdiction of the removing body over the subject matter of the removal of an officer." 62 C. J. S., Municipal Corporations, Sec. 518, p. 968. See, also, City of Houston v. Estes, 35 Texas Civ. App. 99, 79 S. W., 848 (er. denied).

But it does not follow that the commission had authority to order respondent's reinstatement or that the dismissal of the charges had the effect to reinstate him.

■ While the officers of the city charged with that responsibility had gone from December 2, 1947, until September 17, 1948, without properly formulating and publishing rules and regulations necessary to make the civil service act effective, it does not appear that the delay was due to any negligence or design on the part of any of them. In that situation it manifestly cannot be said that the City of Sherman was powerless to discipline its employees through legally constituted channels. It is

self-evident that until the new order provided for in Art. 1269m, supra, became effective in the manner therein prescribed, the old order necessarily continued and respondent was a fireman employed by the City of Sherman under the conditions of its charter, which declared in its section 57 that the city manager should appoint and remove "all directors of departments and all subordinate officers and employees in the departments," any such "removals to be for good cause only to be judged of by the City Manager" subject to the right of appeal to the City Commission, which has final decision. Without passing on the merits of the question of respondent's suspension, we hold that in the very nature of things he could not be for months an employee of the City of Sherman wholly free of responsibility to anybody for his conduct as such. No agency of government could function or survive on that basis. We hold, therefore, that, in so far as the issues presented are concerned, respondent's rights and liabilities as a fireman for the City of Sherman must be determined by the provisions of its charter rather than under Art. 1269m.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered January 25, 1950.

Rehearing overruled February 22, 1950.