**ARNOLD v. CITY OF SHERMAN et al.**

No. 14405.

Court of Civil Appeals of Texas. Dallas.
Nov. 2, 1951.

Rehearing Denied Dec. 7, 1951.

Orville M. Jobe, Waco, and Russell L. Dunn and Willard E. Dollahon, of Sherman, for appellant.

J. P. Cox, Jr., City Atty., Sherman, for appellees.

CRAMER, Justice.

This is a duly perfected appeal from a judgment, after a trial before the court without a jury, refusing appellant a writ of mandamus and money judgment, against the City of Sherman.

The history prior to the filing of the present proceeding is fully disclosed in the opinions of this Court, Arnold v. City of Sherman, Tex.Civ.App., 222 S.W.2d 314 and the Supreme Court, City of Sherman v. Arnold, 148 Tex. 516, 226 S.W.2d 620. The petition in the present suit sets out in substance that appellee city has a full time Fire Department consisting of about thirty men; that he has been for more than six months a duly constituted fireman occupying a duly and legally constituted position or office under a Civil Service classification; that the City of Sherman has a population of 17,156 according to the 1940 Federal census report; that Art. 1269m, Vernon's Ann.Civ. St., applies to appellant City, it having been adopted at a proper election and other

formalities complied with. He further alleges he was suspended as a fireman on August 25, 1948 and he thereafter filed the first proceeding shown by the opinions cited above. After the Supreme Court judgment became final in the former case he alleges he reported for duty at his regular place of work on March 17, 1950 at the proper time on said date with the Sherman Fire Department and the Fire Chief refused to allow him to work; that on March 27, 1950 he appealed such refusal by the Fire Chief *to the Civil Service Commission*, which Commission refused him a hearing. He then filed this second suit in the District Court "in accordance with the provisions of section 18, Art. 1269m." He further alleged that he is now a member of the Fire Department and has been a member thereof since the adoption of Art. 1269.-m and thereafter for more than six months and, under secs. 12 and 18 thereof, is a duly constituted fireman, occupying a duly and lawfully constituted office under a Civil Service classification and is entitled to the protection and benefits of the provisions of said Article. He asserts that the refusal of the Civil Service Commission to hear him was illegal, arbitrary and capricious, and denies him his rights under sec. 16, Art. 1269m, and that he should be reinstated in the Fire Department. He further alleges that under the holdings of our Supreme Court in his former case, 148 Tex. 516, 226 S.W.2d 620, his discharge on August 25, 1948 was null and void and of no force and effect. He then alleges that the City Charter of the City of Sherman, section 57, provides as follows: "The powers and duties of the City Manager shall be: * * * Article (b) To appoint and, except as herein provided, remove all directors of departments and all subordinate officers and employes in the departments; all appointments to be made * * to be upon merit and fitness along, all removals to be for good cause only to be judged of by the City Manager subject to the right of the appeal of the Commission whose decision shall be final." He further alleges that he was never discharged by the City Manager and was not given a hearing, or right of appeal to the City Commission

as provided by the Charter and is therefore at this time a duly and legally constituted employee entitled to be reinstated and to recover his accrued salary. Further, the appellee City has legal funds available sufficient to pay his back salary; and he has been deprived of his constitutional rights under the Fifth and Fourteenth Amendments to the U. S. Constitution and Art. 1, sec. 19, of our State Constitution, Vernon's Ann.St., and has no other legal or equitable remedy to secure his reinstatement other than by the writ applied for.

The evidence material to appellant's points and appellees' counterpoints (hereinafter set out) was as follows:

Former City Manager Franks testified in substance that after he consulted with the Fire Chief, he instructed the Fire Chief to inform the appellant he was indefinitely suspended. At the same time the City Manager instructed the City Clerk to make the proper notation of appellant's discharge; that thereafter he has had occasion to consider, and reconsider, the employment or lack of employment, of appellant Arnold and has thereafter on occasions instructed the Fire Chief to advise appellant Arnold that he was still discharged and such instructions have been carried out. Such orders by the City Manager to the Fire Chief have been communicated to appellant Arnold orally on several occasions. The appellant's attorneys on several occasions have been advised that appellant Arnold had been discharged from the Fire Department.

Arnold testified that on September 18, 1948 he reported for work at the proper place and time and was told that he was still suspended on the same charges,—insubordination to and assault and battery upon Fire Chief Cooper.

Mr. Jones, Assistant Fire Chief, testified that Arnold had reported for work and that he told Arnold that he had been directed by the City Manager to tell him if he reported for work he was still discharged.

Fire Chief Cooper testified that the City Manager told him on September 7, 1948 that Arnold was still discharged and that he then told the Assistant Fire Chief Jones

that he had such instructions and that if Arnold came back to report for duty, to tell him he was discharged and had no job with the Fire Department.

One of appellant's attorneys testified that he had not made a request to the City Commission, or City Manager, for a hearing before the City Commission on the Arnold case, and there is no evidence of such a request by anyone else, at any time. The record further shows that Arnold has not applied for a job with the City Fire Department under Civil Service regulations, and has taken no examination, etc., thereunder.

Appellant briefs seven points, in substance: (1) There being no evidence, and (2) no sufficient evidence, in the record of a discharge of appellant by the City Manager, he is now an employee, and was an employee of appellee City when Civil Service became effective in said City; (3) since the City Manager could not delegate his duty to discharge him, the trial court erred in not awarding the writ; (4) the only discharge or suspension of appellant being on written charges preferred under the authority of Art. 1269m, his discharge was a nullity since the statements to him by the Fire Chief and Assistant Fire Chief that he was still suspended or discharged were insufficient under the City Charter to give him notice; (5) appellant not having been lawfully discharged under the authority of the City Charter, he is still a City employee; (6) that having shown a clear right to the writ, the court erred in not awarding it; and (7) the trial court erred in holding the Supreme Court judgment in the first case was res adjudicata of the fact that the City Charter rather than Art. 1269m applies to this case.

Appellees counter with six points, in substance: (1) Appellant cannot complain, for the first time, on this appeal that the City did not follow the method prescribed in its Charter for the discharge of its employees, absent trial court pleadings to that effect, and the Charter providing no form or procedure to be used either in discharging an employee, or for appeal to the City Commission; (2) no error in holding the prior suit res adjudicata; (3) no error

in finding appellant was not a classified fireman under Art. 1269m; (4) no error in finding appellant was not an employee of the City after September 18, 1948; (5) no error in rendering judgment for appellees under the pleadings and evidence; and (6) mandamus will not issue where appellant did not exercise his legal right of appeal to the City Commission.

All points will be discussed together. Appellant and appellees under the record here, differ as to whether, under the facts and pleadings, appellant was, or was not, a legally discharged fireman under the provisions of sec. 57 of the City Charter above quoted.

Appellant's main contention, briefly stated, is that he was not discharged by the City Manager since the City Manager could not delegate to the Fire Chief the authority to discharge him; that he is therefore still an employee of the Fire Department of the City of Sherman and was such an employee when Civil Service became effective. Further, he has not been discharged under the Civil Service rules since they became effective, and therefore is now a regular Civil Service employee of appellees' Fire Department, and as such, entitled to the writ prayed for by him.

In our opinion the legal effect of the evidence of appellant's discharge, as shown above, (prior to the effective date of Civil Service rules), was that the City Manager acted, and effectually discharged appellant and directed the recording of such act by the City Clerk in the City Records, and properly notified appellant of such act through the Fire Chief.

The act of discharging, or indefinitely suspending, appellant by the City Manager took place in his office, outside the presence of appellant. It was not legally necessary that the City Manager's act of discharging appellant, be in appellant's presence and stated directly to appellant by the City Manager in person.

Even if it could be said that the evidence of such discharge raised only a question of fact as to whether the City Manager actually discharged the appellant, the court, by his judgment, concluded such question

of fact against appellant, and in favor of appellee City.

The appellant having been discharged prior to the effective date of Civil Service, his administrative remedy (if he desired to contest such discharge) of appeal to the City Council as provided for in the City Charter was open to him, and not having perfected such an appeal, he is in no position now to apply for a writ of mandamus in this proceeding.

Before a writ of mandamus will be awarded, the applicant therefor must exhaust all his administrative remedies provided by law. Twiss v. Boyle, Tex.Civ.App., 179 S.W.2d 579, syl. 2, and cases there cited.

Appellant's points 1 to 6 are overruled.

Appellant's point 7 should also be overruled. The Supreme Court's opinion in the first case is plain and unambiguous, and its judgment based upon its opinion is res adjudicata of the question that the City Charter and not Art. 1269m, applies here.

Finding no error in the trial court's judgment, such judgment is

Affirmed.

### On Rehearing

Appellant in a supplemental brief and in his motion for rehearing directs our attention to a time table as follows:

(a) Dec. 2, 1947, City of Sherman voted Civil Service (St.F. p. 54)

(b) March 29, 1948, Civil Service Rules adopted (St.F. p. 145)

(c) July 1, 1948, Rules promulgated (St. F. p. 22)

(d) August 25, 1948, Appellant suspended (St.F. p. 145)

and calls our attention to H. B. No. 145, Ch. 102, page 164, 52nd Legislature, Regular Session, wherein Art. 1269m, § 23, Vernon's R.C.S., was amended so as to eliminate therefrom the provision for publication, which provision controlled the decision of our Supreme Court on the appeal of the former case, 148 Tex. 516, 226 S.W.2d 620, and followed by us in our opinion on original submission hereon.

Appellant claims that the amended Art. 1269m changed his status and that the holding of our Supreme Court above stated is no longer controlling. This directly raises the question as to whether the former judgment of our Supreme Court settled the rights of the parties as of the date of its rendition only, or upon its becoming final conferred vested rights in the matters therein adjudicated in favor of appellee.

It is settled law that a validating act cannot affect or change vested rights. Haney v. Gartin, 51 Tex.Civ.App. 577, 113 S.W. 166; 9 Tex.Jur. 527. It is also true that a final judgment settles all rights therein adjudicated and that the substantive rights therein granted parties thereto are vested rights. State ex rel. Weingart v. Kiessenbeck, 167 Or. 25, 114 P.2d 147; City of Paris v. Kentucky Utilities Co., 280 Ky. 492, 133 S.W.2d 559; Kelly v. Hall, 191 Ga. 470, 12 S.E.2d 881; City of Sanford v. McClelland, 121 Fla. 253, 163 So. 513; Grigsby v. Peak, 57 Tex. 142; Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249, and Constitution, Art. 1, Sec. 16.

Because of the above additional holdings, we must add the following to the appellant's above quoted time table:

(e) The judgment of the Supreme Court, 148 Tex. 516, 226 S.W.2d 620, became final February 22, 1950.

(f) The first amended original petition was filed in the present suit here appealed from June 30, 1950.

(g) The validating act above cited became effective April 30, 1951.

Taking into consideration appellant's time table with our additions above, the final judgment of our Supreme Court and its opinion holding that appellant's rights must be determined under the provisions of appellees' City Charter, together with its denial to appellant of a right of recovery under Art. 1269m, R.C.S., became the law of the case; conferred vested rights; and is res adjudicata as between the parties as of February 22, 1950; and the legislative amendment of Art. 1269m, effective April 30, 1951, could not, and did not, affect such vested rights, authorized by our Supreme Court's judgment.

Since the parties are bound by the Supreme Court's judgment and the express holdings set out in its opinion reported in 148 Tex. 516, 226 S.W.2d 620, we properly disposed of the case by our original opinion and judgment. The motion for rehearing is therefore

Overruled.