**J. T. GERON, Appellant,**

v.

**CITY OF SWEETWATER et al., Appellees**

No. 3771.

Court of Civil Appeals of Texas.

Eastland.

March 1, 1963.

On Motion for Rehearing May 17, 1963.

Second Motion for Rehearing Denied
May 31, 1963.

Mays, Leonard, Moore & Dickson, R. Temple Dickson, Sweetwater, for appellant.

Nunn, Griggs & Beall, Charles R. Griggs, Sweetwater, for appellees.

GRISSOM, Chief Justice.

In 1961 the City of Sweetwater enacted an ordinance which provided for the discharge of all employees when they reached the age of 65 years. Mr. Geron, a city policeman, reached that age and was dis-

charged for that reason alone. He brought this suit against said City and its Chief of Police to compel the City to reinstate him and to recover his salary. The facts are undisputed. Both sides filed motions for summary judgment. The defendants' motion was sustained and judgment was rendered for the defendants. Geron has appealed.

In 1948 the City adopted the provisions of the Firemen's and Policemen's Civil Service Act as provided for in Section 27(a) of Article 1269m. Geron was then a policeman in said City and by virtue of Article 1269m became a classified employee of the police department under civil service. Geron was removed in July, 1961, as an employee of the City solely because of the adoption of a policy by the City of discharging all employees over 65 years of age. No charge of violation of civil service rules was made. In Section 5 of Article 1269m there is a provision that the Civil Service Commission shall prescribe what will constitute cause for removal or suspension but that no such rule shall be valid unless it involves one of certain stated grounds. None of the listed permissible grounds for removal or suspension was charged against Geron. After his discharge Geron filed a petition with the local Civil Service Commission asking for reinstatement. It refused to consider his complaint. The permissible grounds for discharge do not include age.

Section 16 of Article 1269m provides that the Chief of Police shall have power to suspend indefinitely any employee under his jurisdiction for violation of the civil service rules, but that the Chief shall, within forty-eight hours, file a written statement with the Commission giving the reasons for such suspension and furnish a copy to the discharged employee. It provides that said order of suspension shall inform the discharged employee that he has ten days to file a written appeal with the Commission. It provides that the Commission shall hold a hearing and render a decision within thirty days. It further provides that no employee shall be discharged by the Commission except for violation of the civil service rules and then only upon a finding by the Commission of the truth of specific charges which have been filed against him. One of the declared purposes of the civil service statute is to secure to the employees of the police department permanent tenure of employment. Section 16a. Section 17 provides that a discharged policeman may appeal to the Commission by filing a statement denying the truth of the charge against him or taking exception to the legal sufficiency of the charge and asking for a hearing by the Commission. Section 18 provides that in the event a policeman is dissatisfied with the decision of the Commission he may, within ten days after rendition of its decision, file a petition in the District Court asking that the order of suspension be set aside and that he be reinstated.

■ To dismiss appellant the City was required to charge him with one of the grounds for removal stated in the statute. The fact that Geron was past 65 years of age did not bring him within the reasons given in the civil service statutes for which he might be discharged. The City was also required to follow the procedure prescribed by the civil service law heretofore mentioned. It did not do so. We believe that the City was restricted to the provisions of that law and its procedures in discharging appellant. We think the appellant should have been ordered reinstated and that he should have recovered his salary.

As illustrative of our conclusion that the City was restricted to the reasons and procedure provided for in the civil service statutes in discharging appellant, we call attention to the very recent decision of our Supreme Court in Skates v. City of Paris, Tex., 363 S.W.2d 425. There, the City in discharging a policeman for incompetency attempted to follow the procedure provided by the civil service statute. The order of dismissal by the Commission did not

show that it was based upon a finding by the Commission of the truth of specific charges filed against Skates. On appeal from the Commission's decision the court sustained Skates' motion for a summary judgment, ordered him reinstated and rendered judgment against the City for his salary during the period of his suspension. The Supreme Court upheld that judgment finding that Skates was illegally discharged because the decision of the Commission did not show that it was based upon a finding of the truth of the specific charges filed against the policeman as required by Section 16 of Article 1269m. It so held despite the fact that the Commission later filed findings of the truth of the specific charges filed against the policeman. In Bichsel v. Carver, 159 Tex. 393, 321 S.W.2d 284, the Chief of Police filed written charges against a policeman alleging that he had violated rules of the police department. Carver appealed to the Commission and excepted to the legal sufficiency of the charges. During a hearing before the Commission the City conceded that the charges were legally insufficient and requested permission to withdraw them stating that Carver would be reinstated. The request was granted. The next day the Chief again suspended Carver and served him with a second set of charges growing out of the same incident. The difference in the charges was that the second was that Carver had violated the civil service rules while the first was that he had violated the rules of the police department. Before a hearing on the second charge Carver obtained from the District Court an injunction restraining the Commission from holding the second hearing and a mandamus compelling his reinstatement. The Supreme Court held that mandamus was a proper remedy. It held that the controlling questions concerned the scope of the statutory power of the administrative agency and that those questions were judicial rather than administrative. It quoted the following from City of Sherman v. Arnold, 148 Tex. 516, 226 S.W.2d 620, 622, "The full performance of all conditions established by

the civil service laws is an essential prerequisite to the jurisdiction of the removing body over the subject matter of the removal of an officer." The court then said that since the charges were not legally brought under the civil service statute, the Chief of Police was not authorized to remove Carver on those charges and the Civil Service Board had no authority to uphold his suspension. It affirmed the judgment of the District Court compelling reinstatement of the policeman. In French v. Cook, 173 Cal. 126, 160 P. 411, 413, the court said "The party having a vested right in the performance of the act * * * has also the right to have his claim as to the facts judicially determined." Our Supreme Court in Stauffer v. City of San Antonio, Tex.Civ. App., 344 S.W.2d 158, quoted the above statement of the law with approval. The Stauffer case was a suit against the City et al. to compel reinstatement of a fireman who had returned from a military leave of absence. The District Court ordered reinstatement and awarded him his back salary and the City appealed. The Court of Civil Appeals dismissed the case holding that under the civil service statute, which entitles firemen who return from a military leave of absence to reinstatement, if physically and mentally fit, but contains no language suggesting that the Commission is to decide the question of fitness, that the District Court has jurisdiction to decide whether the fireman is fit. The court said that since the power to hear and determine that question is not conferred by law upon some other tribunal, the District Court has jurisdiction to decide the same by virtue of Texas Constitution, Article V, Section 8, Vernon's Ann.St. Mandamus lies to restore to office an incumbent removed without authority.

██ Full performance of all conditions required by civil service regulations is essential to jurisdiction of the removing body over dismissal of a municipal officer. The effect of adoption of the civil service statute is to establish standards of employment, rules for the discharge of policemen and to create permanence of tenure. Pro-

visions of the civil service statute form a part of every contract of employment between the city and a policeman. No policeman may be dismissed without a finding by the Commission of the truth of the specific charges filed against him. 39 Tex.Jur. 495–510. See also City of Dallas et al. v. McDonald, (Sup.Ct.), 98 S.W.2d 167, James v. Consolidated Steel Corporation, Tex.Civ. App., 195 S.W.2d 955, 960, 1 Tex.Jur. 677, 62 C.J.S. Municipal Corporations § 518, pp. 968, 969.

The judgment is reversed and the cause is remanded with directions to render judgment reinstating appellant and awarding him the amount of his salary during the period of his illegal suspension.

## ON MOTION FOR HEARING.

GRISSOM, Chief Justice.

In appellees' motion for rehearing they say that certain material issues were not determined and that no findings of fact thereon were made in the opinion wherein we reversed the judgment and remanded the cause with directions to render judgment reinstating appellant and awarding him the amount of his salary during the period of his illegal suspension. Appellee asks the court to make the following findings:

"a. The employment of Appellant Geron, as a member of the Classified Service of the City of Sweetwater, was terminated September 30, 1961, (Tr. p. 18).

"b. On September 30, 1961, Appellant Geron had accumulated 77½ days of sick and injury leave of absence under the provisions of Section 26, Article 1269m, Revised Civil Statutes of Texas.

"c. On September 30, 1961, Appellant Geron received payment in a lump sum for his accumulated sick and injury leave of absence time in the amount of $1,064.08 minus $164.40 withholding tax.

"d. On September 30, 1961, the Appellant Geron accepted the lump sum payment of his accumulated sick and injury leave time and has not repaid the same to the City of Sweetwater; neither has he offered or tendered payment of the same to the City of Sweetwater. (Tr. p. 19–20)

"e. The only appeal made by Appellant Geron to the Civil Service Commission of the City of Sweetwater in connection with the subject matter of this appeal was by written petition filed with such Civil Service Commission on January 18, 1962. (Tr. p. 20)"

All of said facts were admitted upon the trial except those requested under paragraph "d" and, being undisputed, there is no necessity for a finding thereon. We do not find the facts as requested in paragraph "d". Instead, we find that at the time of Geron's discharge by the City he was paid, and he retained, the amount of money stated in paragraph "c".

Under Article 1269m he was not entitled to such payment until his employment was lawfully terminated. It has not been lawfully terminated. The City is entitled to a credit for said amount. To that extent the motion for rehearing is granted. Our former judgment is set aside. Judgment is now rendered reversing the judgment of the trial court and remanding the cause with directions to render judgment reinstating appellant and awarding him the amount of his salary during the time of his illegal suspension, less such credit to the City.