**Teddy Charles HERRON, Appellant,**

v.

**CITY OF ABILENE et al., Appellees.**

**No. 4797.**

Court of Civil Appeals of Texas,
Eastland.

Oct. 3, 1975.

Rehearing Denied Oct. 24, 1975.

W. L. Burke, Jr., Robinson, Hanna, Burke & Moore, Inc., Abilene, for appellant.

Robert D. Cheatham, City Atty., Harvey Cargill, Jr., Asst. City Atty., Abilene, for appellees.

McCLOUD, Chief Justice.

The Firemen's and Policemen's Civil Service Commission of the City of Abilene entered an order permanently dismissing Officer Teddy Charles Herron from the Abilene Police Department. Herron appealed to the district court which affirmed the order of the Civil Service Commission. Herron has appealed. We affirm.

Herron's sole contention is the defendants, City of Abilene and the Firemen's and Policemen's Civil Service Commission of the City of Abilene, failed to prove in the district court the notice of suspension was filed with the Civil Service Commission within 120 hours as required by Article 1269m, Section 16, Tex.Rev.Civ.Stat.

Herron argues the defendants had the burden of proving in the district court all steps required by Article 1269m, Section 16, had been properly performed. We disagree.

There is no allegation in Herron's pleadings defendants failed to comply with the 120 hour rule, nor is there any evidence the notice of suspension was not filed within 120 hours. The record does not disclose when the notice of suspension was filed with the Civil Service Commission.

We think the proper rule was announced in the recent case of *Cusson v. Firemen's and Policemen's Civil Service Commission of San Antonio,* 524 S.W.2d 88 (Tex.Civ. App.—San Antonio 1975, no writ), wherein the court said:

"It is also well settled that the party seeking to set aside the order of an administrative agency has the burden of proving that the order is not reasonably supported by substantial evidence. *Redd v. Texas Employment Commission,* 431 S.W.2d 16 (Tex.Civ.App.—Corpus Christi 1968, writ ref. n. r. e.). This conclusion is compelled by the fact that where judicial review of administrative action is governed by the substantial evidence rule, the action of the administrative body is

presumed to be valid. *City of San Antonio v. Texas Water Commission,* 407 S.W.2d 752 (Tex.1966). We make this observation because the record before us reflects that the trial court was of the opinion that the burden was on the administrative agency to establish that its action was reasonably supported by substantial evidence. *That is, the trial court placed on the commission the burden of establishing the validity of its action. The burden of producing evidence establishing the invalidity of the administrative action is clearly on the party challenging the action."* (Emphasis added)

In *Firemen's and Policemen's Civil Service Commission of City of San Antonio v. Shaw,* 306 S.W.2d 160 (Tex.Civ.App.—San Antonio 1957, writ ref. n. r. e.), the appellee, a policeman, contended it was the duty of appellant, Civil Service Commission, to prove up and introduce the rules and regulations of the Civil Service Board and the Police Department which appellee was charged with violating. The court said:

"Parties are bound by their pleadings, and in the light of the pleadings of appellee this Court will presume, in the absence of anything to the contrary, that all the proceedings were regular and proper, and that the regulations which appellee was charged with violating had been properly promulgated by the Civil Service Commission."

See also: *City of San Antonio v. Texas Water Commission,* 407 S.W.2d 752 (Tex. 1966); *Cash v. City of Houston,* 426 S.W.2d 624 (Tex.Civ.App.—Houston (14th Dist.) 1968, writ ref. n. r. e.); and *Bryant v. City of San Antonio,* 464 S.W.2d 888 (Tex.Civ. App.—San Antonio 1971, no writ).

The cases relied upon by Herron are distinguishable. *Bichsel v. Carver,* 159 Tex. 393, 321 S.W.2d 284 (1959), and *Crawford v. City of Houston,* 487 S.W.2d 179 (Tex.Civ. App.—Houston (14th Dist.) 1972, writ ref. n. r. e.), were mandamus suits brought by the dismissed policemen and not appeals from the order of an administrative agency.

In *City of San Antonio v. Poulos,* 422 S.W.2d 140 (Tex.1967); *Skates v. City of Paris,* 363 S.W.2d 425 (Tex.1963); *City of Sherman v. Arnold,* 148 Tex. 516, 226 S.W.2d 620 (1950); *Todd v. City of Houston,* 508 S.W.2d 140 (Tex.Civ.App.—Houston (1st Dist.) 1974, writ ref. n. r. e.), and *Civil Service Commission of City of Lufkin v. Crager,* 384 S.W.2d 381 (Tex.Civ.App.— Beaumont 1964, writ ref. n. r. e.), there was evidence of noncompliance with Article 1269m.

 The order of the administrative body is presumed to be valid. Herron, who challenged the order, had the burden of producing evidence establishing the invalidity of the order.

The judgment of the trial court is affirmed.