HEIGHTS HOSPITAL, Inc.

v.

PATTERSON.

No. 3184.

Court of Civil Appeals of Texas.

Waco.

June 29, 1954.

Rehearing Denied July 22, 1954.

L. L. Elliott, Houston, for appellant.

Marvin Schulman, Houston, for appellee.

HALE, Justice.

This is an appeal from a summary judgment. It involves a construction of Art. 5506a of Vernon's Tex.Civ.Stats. as originally enacted in 1933, relating to a hospital's lien for services on the cause of action of an injured person, and the amendment thereof as enacted in 1953. The controlling question presented for our decision is whether the amendment, which became effective on May 14, 1953, is applicable to appellant's lien for services which it had rendered for appellee prior to the effective date of the amendment. If so, the judgment appealed from should be reversed and judgment should be here rendered for appellant in accordance with the terms of the amendment; otherwise, the judgment should be affirmed.

The facts giving rise to the question of law presented for decision appear from the pleadings of the parties, the sworn motion of appellee for a summary judgment in accordance with the terms of Art. 5506a as originally enacted and the sworn application of appellant for judgment in accordance with the terms of the amendment to such enactment which became effective on May 14, 1953, there being no genuine issue as to any material fact affecting the conflicting rights thus asserted by the parties to this proceeding within the meaning of Rule 166-A, TRCP.

The record before us discloses that appellee was injured on January 16, 1953 in the City of Houston as the result of an automobile collision. He was taken immediately to the hospital of appellant where he was confined as a patient until February 24, 1953. Thereafter, on February 27, 1953, appellant prepared and filed its verified claim with the County Clerk of Harris County in compliance with the provisions of Art. 5506a as originally enacted in 1933, whereby it claimed a lien upon any and all rights of action which appellee might have against Emil Iselt or his insurer, Service Mutual Insurance Company, for the recovery of damages on account of personal injuries sustained on January 16, 1953 as a result of the alleged negligence of Iselt. The claim was for necessary services rendered in the treatment, care and maintenance of appellee while a patient in the hospital, the reasonable value thereof being in the total sum of $1,058.10, as shown by an itemized statement attached to the claim. This itemized statement showed a charge of $10 per day for the use of a hospital room for thirty-nine days and $668.10 for drugs and other services.

The record further shows that on June 18, 1953, appellee executed a compromise settlement agreement, by the terms of which he released and discharged Emil Iselt and all persons in privity with him from all claims and causes of action arising out of the automobile collision which occurred on January 16, 1953, and being fully set forth in the petition of appellee against Emil Iselt in the 129th District Court of Harris County, the consideration for such release being the payment to appellee of the sum of $3,375. This compromise settlement agreement was filed in the suit theretofore pending in the 129th Judicial District Court of Harris County by appellee against Emil Iselt.

After considering the pleadings, motions and arguments on behalf of the respective parties, the court below concluded that appellee was entitled to a summary judgment in keeping with the terms of Art. 5506a of Vernon's Tex.Civ.Stats. as originally enacted and decreed that the lien of appellant against the proceeds of the settlement paid to appellee be discharged upon payment to appellant in the amount of $5 per day for each day appellee was hospitalized in appellant's institution as set out in the affidavit and account attached to appellant's lien which was filed with the County Clerk of Harris County.

Appellant says "the trial court erred in limiting the amount of appellant's lien to $5.00 per day that appellee was in appellant's hospital, in lieu of a lien of $1,058.10." We cannot agree with this contention.

It will be noted from an examination of Art. 5506a of Vernon's Tex.Civ.Stats. as originally enacted in 1933 that the lien therein provided for is limited to a charge for services not to exceed $5 per day for a longer period of time than one hundred days. By the terms of the amendment which became effective on May 14, 1953, the lien is limited only to a charge that is not more "than a reasonable and regular rate for such services, in no event to exceed Fifteen ($15.00) Dollars per day for room charge for not longer than one hundred (100) days". The emergency clause of the amended act reads as follows: "The fact that it is necessary for persons injured in accidents to be taken immediately to hospitals to receive care and treatment for their injuries and to be maintained during such care and treatment, and the fact that the present law is inadequate covering the subject matter of this bill, create an emergency and an imperative public necessity that the Constitutional Rule which requires bills to be read on three several days be suspended; and said Rule is hereby suspended, and this Act shall take effect and be in full force from and after its passage, and it is so enacted."

The services which appellant rendered for appellee terminated on February 24, 1953. To sustain its asserted right to a lien securing the payment of the entire amount of its charge in the sum of $1,058.-10, the amendment which became effective on May 14, 1953 would have to be construed to operate retrospectively. Such construction would, we think, give to the amendment an intent not expressed therein and would be violative of Art. I, Sec. 16 of the Constitution of Texas, Vernon's Ann. St., which provides that no retroactive law shall be made. The amendment cannot be properly classified as remedial or procedural legislation only, because its purpose and necessary effect is to create or increase substantive rights and corresponding obligations of the persons to be affected thereby from and after its passage.

"But apart from any Constitutional impediment, (quoting from 39 Tex.Jur. p. 54, § 27) retrospective laws are commonly regarded with disfavor. A statute will not be applied or construed retrospectively or given retrospective operation, so as to affect existing rights or create new obligations and impose new duties as to past transactions, unless it clearly appears, from its terms or at least by fair implication, that the Legislature so intended. On the contrary, a statute is generally held to operate prospectively unless a contrary construction is required by the terms or the nature and object of the law."

In our opinion, the amendment of Art. 5506a of Vernon's Tex.Civ.Stats. which became effective on May 14, 1953 has no application to appellant's lien for the services which it rendered on behalf of appellee while a patient in its hospital, because such services were rendered and the contract, whether express or implied, relating to the rendition of such services, had been completely performed and terminated prior to the effective date of the amendment. We base our opinion primarily upon the holding of the Supreme Court in the case of Government Personnel Mut. Life Ins. Co. v. Wear, 251 S.W.2d 525. See also 50 Am.Jur. p. 494, § 478; 82 C.J.S., Statutes, § 415, p. 990; Miller & Miller Motor Freight Lines v. Gilliland, Tex.Civ. App., 232 S.W.2d 886; Zweig v. Bethlehem Supply Co., 5 Cir., 186 F.2d 20.

Although appellant also says the trial court erred in granting appellee's motion for summary judgment because appellee failed to establish the non-existence of a genuine issue of fact in the case or to support his claim by any evidence or by sufficient evidence, we do not think there is any merit to these contentions or that any useful purpose would be served by further discussion.

Therefore, appellant's points of error are overruled and the judgment of the court below is affirmed.