

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 27, 1961

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin 11, Texas

Opinion No. WW-1156

Re: Whether a game warden
who was injured prior
to the effective date
of Article 6822a, Ver-
non's Civil Statutes,
has a valid claim a-
gainst the State for
his medical expenses.

Dear Mr. Calvert:

We are in receipt of your request for an opinion
on the above captioned question.

You also inquire as to the effect of our Opinion No.
WW-587 (1959) on this problem. That opinion dealt with a legis-
lative appropriation for hospital and medical service and held
that such an appropriation had no statutory authority and con-
sequently, was violative of Section 44 of Article III of the
Constitution of Texas. This Section provides as follows:

"The Legislature shall provide by law
for the compensation of all officers, servants,
agents and public contractors not provided for
in this Constitution, but shall not grant extra
compensation to any officer, agent, servant, or
public contractors, after such public service
shall have been performed or contract entered
into, for the performance of the same; nor grant,
by appropriation or otherwise, any amount of
money out of the treasury of the State, to any
individual, on a claim, real or pretended, when
the same shall not have been provided for by pre-
existing law; nor employ anyone in the name of
the state, unless authorized by pre-existing law."
(Emphasis added)

As stated above the appropriation was held invalid since there
was no pre-existing law to authorize such an appropriation.

Shortly after the release of the opinion mentioned
above, the Legislature passed such an authorization, now codi-
fied as Article 6822a, Vernon's Civil Statutes, which provides

as follows:

> "Section 1. The Legislature is hereby authorized to appropriate public funds for the purpose of paying for drugs and medical, hospital, laboratory, and funeral expenses of state employees injured or killed while engaged in performance of a necessary governmental function assigned to the employee, or where the duties of such employee require the employee to expose himself to unavoidable dangers peculiar to the performance of a necessary governmental function.

> "Section 2. Agencies of the State are hereby authorized to expend appropriated funds for the purpose of paying for drugs and medical, hospital, laboratory, and funeral expenses to those State employees under their jurisdiction and control only when such employees are engaged in the activities described in Section 1 of this Act, and only to the extent authorized by appropriations made by the Legislature.

> "Section 3. The payment of the expenses provided for in Section 1 of this Act is authorized to be made in addition to other prerequisites of employment now authorized by law."

The 57th Legislature made an appropriation for medical and surgical expenses for the injured game warden in question. It can be seen that Article 6822a, supra, serves as the pre-existing law for this appropriation.

However, your opinion request calls our attention to the fact that the employee received his injuries prior to the passage of Article 6822a. Under the holding of our opinion No. WW-566 (1959), the appropriation in question was valid, notwithstanding the constitutional ban of additional compensation, since the injured employee was promised such payments as a condition of his employment, and Article 4413(4a), Vernon's Civil Statutes, enacted in 1957, constituted pre-existing law to support the appropriation. Said Article reads in part as follows:

> "In addition to the authority now provided by law the Texas Department of Public Safety may expend public funds for the purposes of paying salaries, . . . drugs, medical, hospital and laboratory expense, and funeral expense when death results in line of duty, . . ." (Emphasis added.)

Mr. Howard D. Dodgen, Executive Secretary of the Game and Fish Commission informed this office upon request for additional facts, that this game warden was not promised these payments as a condition of his employment.   Furthermore, the Legislature has not enacted a law similar to Article 4413(4a) covering employees of the Game and Fish Commission.

In the case of Austin National Bank v. Sheppard, 123 Tex. 272, 71 S.W.2d 242 (1934) the Court was confronted with a similar interpretation of Article III, Section 44 of the Constitution and stated:

"By its express words the constitutional provision under consideration in no uncertain terms prohibits the Legislature from appropriating state money to 'any individual' unless such appropriation shall have been provided for by a 'pre-existing law.'  We interpret this to mean that the Legislature cannot appropriate state money to 'any individual' unless, at the very time the appropriation is made, there is already in force some valid law constituting the claim the appropriation is made to pay a legal and valid obligation of the state.  By legal obligation is meant such an obligation as would form the basis of a judgment against the state in a court of competent jurisdiction in the event it should permit itself to be sued.  . . ."

As to the appropriation in question, the "pre-existing" law was present in the form of Article 6822a.   However, this law did not make the game warden's claim for drugs and medical, hospital and laboratory expenses, incurred prior to the effective date of the Act, a legal and valid obligation of the State.   The claims for medical payments and hospitalization incurred prior to the effective date of Article 6822a could not be the basis of a valid judgment against the State.   If the recent appropriation were upheld in its entirety, we would be giving a retrospective operation to Article 6822a in violation of Section 16, Article I of the Texas Constitution.   Retroactive interpretations of statutes are not encouraged by the courts.   Heights Hospital, Inc. v. Patterson, 269 S.W.2d 810 (Civ.App. 1954, error ref.). This office cannot give Article 6822a such an operation unless it clearly appears from the legislative phraseology that such effect was intended.   The statute did not recognize the entire claim and we see no language to imply such a validation.

However, the game warden's itemized list of medical and surgical expenses as paid by him shows that he incurred significant expenses subsequent to the effective date of Article 6822a, which was August 12, 1959.   The injuries were received on July 25, 1959.   You are advised that that portion of the appropriation reimbursing the employee for all expenses

incurred on and after August 12, 1959, is valid, and upon pro-per itemization of such expenses, you may pay same.

                    S U M M A R Y

          A game warden who was injured prior
          to the effective date of Article 6822a,
          Vernon's Civil Statutes, has a valid
          claim against the State only for those
          medical expenses incurred subsequent to
          the effective date of said statute.

                         Yours very truly,

                         WILL WILSON
                         Attorney General of Texas

                         By  Fred D. Ward
                             Fred D. Ward
FDW:lgh:zt                   Assistant


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
Jim Broadhurst
Coleman Gay III

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.