Marcien **JENCKES** et al., Appellants,

v.

**MERCANTILE NATIONAL BANK AT DALLAS** et al., Appellees.

No. 16763.

Court of Civil Appeals of Texas.

Dallas.

Sept. 23, 1966.

Rehearing Denied Oct. 21, 1966.

Jackson, Walker, Winstead, Cantwell & Miller and Jack Pew, Jr., Dallas, for appellants.

W. O. Shultz, Asst. Atty. Gen., Austin, George Terry, James Kilgore, Mark Martin, Robert W. Smith and Robert L. Blumenthal, Dallas, for appellees.

BATEMAN, Justice.

The appellants are the trustees of the Blake Brothers Liquidation Trust, assignees of all members of Blake Brothers and Company, a partnership alleged to have been the only "registered owner" of Texas Pacific Land Trust Certificate No. 390. This certificate seems to have disappeared many years ago. In a suit brought by the State of Texas against them and others, the appellants filed a cross-action against the appellees hereinafter named and others, to recover "all the proceeds, accumulations and avails of said Certificate No. 390," and for declaratory judgment declaring them to

be the true owners of such property. This cross-action was severed from the main suit, and at the conclusion of a nonjury trial thereof judgment was rendered that appellants take nothing, but without prejudice to their right to sue again for the property if additional evidence of their ownership shall become available. The facts were stipulated and only questions of law are presented on this appeal.

Certificate No. 390, covering 100 shares of proprietary interest in the Texas Pacific Land Trust, was issued June 26, 1888 to Blake Brothers and Company, which has since that date been its only registered owner on the books of the Trust, no transfer thereof having been made on such books at any time to a known or identifiable person or persons, and no such person having established his ownership thereof to the satisfaction of the trustees of the Texas Pacific Land Trust or the custodian,[1] or by judgment of a court of competent jurisdiction.

This is the third action appellants or their predecessors have instituted to recover this property. The first was in New York in 1952, resulting in a judgment "for the defendants, dismissing the complaint for failure of proof," but without prejudice to the filing of another suit if new evidence of their ownership is discovered. Davis v. Fraser, Sup., 121 N.Y.S.2d 643. That judgment was affirmed unanimously, but without written opinion, by the Appellate Division, 283 App.Div. 657, 127 N.Y.S.2d 838, and was also affirmed by the New York Court of Appeals in 1954 in Davis v. Fraser, 307 N.Y. 433, 121 N.E.2d 406.

The second attempt was a suit in the 101st District Court of Dallas County. The trial of that case resulted in a judgment that the appellants had failed to establish their ownership of the certificate and that they

"take nothing," but "without prejudice to their right to bring another suit for recovery of same if additional evidence of their ownership and loss of such Certificate shall become available." That judgment was affirmed in 1958 by the Texarkana Court of Civil Appeals in Davis v. Fraser, Tex.Civ. App., 319 S.W.2d 799, wr. ref. n. r. e. That opinion quotes the entire opinion of the trial court in New York, in Davis v. Fraser, Sup., 121 N.Y.S.2d 643, 644. We refer to all of the opinions above mentioned for a more complete history of this interesting litigation. Those opinions also set forth in detail the evidence upon which it was held that ownership of the certificate had not been established.

■ Appellees say that the cause of action asserted in the present suit is identical with that sued on in the two previous cases, and that appellants are barred by the doctrine of *res judicata* and estoppel by judgment from relitigating the same issues. Appellants reply that after the decision of Davis v. Fraser, Tex.Civ.App., 319 S.W.2d 799, wr. ref. n. r. e., the Texas Legislature in 1963 enacted a statute now known as Vernon's Ann.Civ.St., Art. 1358a, which created for them a new cause of action upon which the present suit was based and that their present suit on that statute could not be barred by judgments rendered long before that statute was enacted.

This statute specifically applies "to all distributions of cash or property, tangible or intangible, made or payable, by any corporation, joint stock company or business trust having transferable shares or certificates of beneficial interest, organized under the laws of this state or substantially all of whose capital or assets consisted of property located in this state at the time of organization, to persons registered on its books as the owners of shares or certifi-

---

1. On November 27, 1959, the 101st District Court of Dallas County, Texas ordered the certificate cancelled and a new certificate issued to the appellee Mercantile National Bank at Dallas, as custodian. Other appellees in the case now before us are the State of Texas, the Texas Pacific Land Trust, and Mark Martin, guardian *ad litem* for "all persons interested in claiming or asserting an interest in the property in question."

cates * * * and including all such distributions heretofore payable which were not paid to the person registered as the owner of the shares or interest on the records of such organization at the time such distributions were payable, * * * but which are now being held in suspense by such organization or which were paid or delivered by it into an escrow account or to a trustee or custodian," and provided that such distributions, etc. shall be payable to the person in whose name such shares or certificates are or were registered on the records of any such organization at the time such distributions are or were payable, and that such registered owner shall be presumed to be or to have been the owner of the shares or certificates so registered in his name at that time, and that "this presumption shall be rebuttable only by proof of an actual transfer having been made by such registered owner prior to that time to some known and identifiable person or persons." It also provides that a claim by anyone other than the registered owner shall be barred unless suit is brought thereon within four years from the time that such distribution was originally payable or, as to a cause of action theretofore accrued, within one year from the effective date of the act or four years from the time the distribution was originally payable, whichever is longer.

Appellants' six points of error raise the different aspects of the sole ultimate question: Does Art. 1358a, V.A.C.S., create for appellants a cause of action which is so different from that asserted in the two previous suits as to relieve appellants from the application of the doctrine of *res judicata* or estoppel by judgment? We think this question must necessarily be answered in the negative.

Appellants say these defenses are not available to appellees; their theory being thus stated in their brief:

"It is thus apparent that the Davis v. Fraser litigation is entirely different from that now before this Court. The Davis v. Fraser cases were attempts to try the title to Certificate No. 390. In the present suit, the title to Certificate No. 390 is not in issue. In the Davis v. Fraser cases, Appellants' predecessors sought to receive distributions attributable to Certificate No. 390, upon the theory that they were the owner of Certificate No. 390. In the present case, Appellants seek such distributions, not as owners of Certificate No. 390, but as the persons entitled to such distributions under the provisions of a Texas statute. At the time of the Davis v. Fraser cases, Appellants could not pursue their remedies under such statute, because the statute was not then in existence."

We do not agree with this theory. The burden was upon the appellants and their predecessors, in all three cases, to establish that they were the owners of the lost certificate and the accumulated profits thereof. Without proof (or a presumption) of ownership appellants could not be entitled to the distributions. Their ownership was an essential element, a *sine qua non*, of their cause of action in each case. Two courts of competent jurisdiction had held that they failed to prove this indispensable element. Appellants were not entitled to ask another court to reach a contrary conclusion unless they could produce new or additional evidence of their ownership. The door was not left open for a subsequent suit based upon a change in the rules of evidence, but only for a suit supported by newly discovered *evidence*. No such new evidence having been discovered, the two Davis-Fraser judgments stand as a complete bar to appellants' recovery in this case. Hanrick v. Gurley, 93 Tex. 458, 479, 56 S.W. 330.

Appellants remind us that the Legislature has the power to change the common law and that no one has vested rights therein, citing Miller v. Letzerich, 121 Tex. 248, 49 S.W.2d 404, 85 A.L.R. 451; International-Great Northern R. Co. v. Reagan, 121 Tex. 233, 49 S.W.2d 414, and Louisiana Ry. & Nav. Co. v. State, Tex.Civ.App., 298 S.W. 462, affirmed, Tex.Com.App., 7 S.W.2d

71. However, this well settled rule of law has no application here. In none of the cases cited by appellants was the change in the law advanced as a means of destroying the effect of a judgment of a court, based upon the law as it was at the time of the judgment, which has been affirmed by every appellate court having jurisdiction thereof. That is the case we have here.

Much more in point is Murphy v. India Tire & Rubber Co., Tex.Civ.App., 27 S.W. 2d 1110, no wr. hist., where, after a defendant's plea of privilege was sustained and the case transferred from Dallas County to Bexar County, the Legislature added subdivision 29a to Art. 1995, V.A.C.S. The plaintiff then dismissed the suit without prejudice and refiled in Dallas County, asserting that the suit was now maintainable in Dallas County by virtue of the new exception embodied in subdivision 29a. However, this court held that the order sustaining the plea in the first suit was *res judicata* and settled for all time the question of venue of any suit upon that same cause of action despite the intervening change in the law. This in our opinion is the correct rule and is applicable here.

■ Appellants say the Murphy case is not in point here because the Legislature, in enacting subdivision 29a, did not expressly make it retroactive, whereas Article 1358a by its terms is retroactive. This in our opinion is not a valid criticism, but it brings us to a consideration of the constitutionality of Article 1358a. Appellees contend that, *as to the parties to this litigation,* Art. 1358a, V.A.C.S., is unconstitutional because: (1) having as its purpose the reversal or frustration of the decision of the Texas appellate courts in Davis v. Fraser, Tex.Civ.App., 319 S.W.2d 799, wr. ref. n. r. e., it constitutes an invasion by the Legislature of the judicial powers vested in the judiciary of the state, contrary to the provisions of Art. 11, Sec. 1, of the Texas Constitution, Vernon's Ann.St.; and (2) it is a retroactive law in violation of Art. 1,

Sec. 16, of the Texas Constitution. We agree with appellees.

We are not asked to declare this statute unconstitutional generally, or as it applies to any other set of facts or as to any other parties than those in the case before us, and we do not do so. But we do hold that the application of this new law to the facts of this case, giving it the force and effect which appellants urge us to give it, would be to recognize a power in the Legislature to overrule and make nugatory a decision of a Texas Court of Civil Appeals on which our Supreme Court had refused to grant a writ of error because "no reversible error" had been shown. Our system of government does not contemplate that a party who has lost his case in the court of last resort may still appeal to the Legislature to undo what the courts have done by legislating him into a more favorable position.

In Langever v. Miller, 124 Tex. 80, 76 S. W.2d 1025, 96 A.L.R. 836, the Supreme Court, in striking down a depression-born statute denying creditors the right of execution on deficiency judgments, quoted the following from Cooley on Constitutional Limitations:

"But the legislative action cannot be made to retroact upon past controversies, and to reverse decisions which the courts, in the exercise of their undoubted authority, have made; for this would not only be the exercise of judicial power, but it would be its exercise in the most objectionable and offensive form, since the legislature would in effect sit as a court of review to which parties might appeal when dissatisfied with the rulings of the court."

In Arnold v. City of Sherman, Tex.Civ. App., 244 S.W.2d 880, it was shown that the Supreme Court had already held, in City of Sherman v. Arnold, 148 Tex. 516, 226 S.W.2d 620, that Arnold, who had been discharged as a city fireman, could not obtain reinstatement under a civil service statute because the rules and classifications thereunder had not been published as required

by the statute. The statute was subsequently amended to eliminate the necessity for publication, and Arnold brought his second suit saying the law had been changed in such manner as to give him a new cause of action, as to which the holding of the Supreme Court was no longer controlling. This court, however, held that the judgment of the Supreme Court was *res judicata* of all rights adjudicated therein and that the legislative amendment of the statute did not affect the vested rights conferred by that judgment. Writ of error was refused by the Supreme Court.

See also Milam County v. Bateman, 54 Tex. 153; and Ferguson v. Wilcox, 119 Tex. 280, 28 S.W.2d 526.

▮ Article 1, Sec. 16, of the Texas Constitution prohibits the Legislature from passing retroactive laws. It is well settled, however, that a statute may be retroactive in its effect, without violating this constitutional provision if it does not interfere with or attempt to impair or destroy vested rights. McCain v. Yost, 155 Tex. 174, 284 S.W.2d 898; May v. Curry, Tex.Civ.App., 385 S.W.2d 603, wr. ref. n. r. e. The question then presents itself here as to whether Article 1358a, which is admittedly retroactive, interferes with or attempts to impair or destroy vested rights. Appellants say that it does not because the presumption of ownership provided for is rebuttable by anyone proving that he is the true owner, and the fact that the statute requires such true owner to bring his suit for that purpose within a prescribed limitation period does not impair the rights of such unknown owner because the limitation period is not unreasonable, citing Williams v. Reed, Tex. Civ.App., 160 S.W.2d 316, wr. ref. w. m.; Highland Park Ind. School Dist. v. Loring, Tex.Civ.App., 323 S.W.2d 469, no wr. hist.; Hartely v. Langdon & Co., Tex.Civ.App., 347 S.W.2d 749, no wr. hist.; and Cathey v. Weaver, Tex.Civ.App., 193 S.W. 490, affirmed 111 Tex. 515, 242 S.W. 447. We do not agree with appellants. The mere fact that the statute contains a reasonable limitation period within which the true owner

may sue to establish his rights does not detract from the fact that the statute also attempts to give appellants the fruits of the certificate in question by saying a presumption of ownership exists, whereas the courts of two states had previously held that such presumption did *not* exist and that appellants had failed to prove themselves entitled to such fruits.

In our opinion, Art. 1358a, V.A.C.S., as applied to the facts and parties of this case, does impair the vested rights of the unknown owner or owners of the certificate in question and its fruits, which rights became vested when the courts of New York and Texas held that appellants and their predecessors had not proved that *they* were the owners. One of the cases relied on by appellants, National Carloading Corp. v. Phoenix-El Paso Express, Inc., 142 Tex. 141, 176 S.W.2d 564, cert. den. 322 U.S. 747, 64 S.Ct. 1156, 88 L.Ed. 1578, speaks of a "vested right" as being, among other things, "a legal exemption from the demand of another." The Davis v. Fraser judgments gave the unknown owner or owners "a legal exemption" from the demands of appellants and their predecessors. This was a valuable, vested right which the Legislature could not, under the Texas Constitution, take away from them. The above cited cases of Langever v. Miller, supra; Arnold v. City of Sherman, supra; Milam County v Bateman, supra; and Ferguson v. Wilcox, supra, also support our holding in this respect. See also Mellinger v. City of Houston, 68 Tex. 37, 3 S.W. 249; International & G. N. R. Co. v. Edmundson, Tex.Com.App., 222 S.W. 181; Heights Hospital, Inc. v. Patterson, Tex. Civ.App., 269 S.W.2d 810, wr. ref.

▮ Appellants also argue that the appellees, having no rights which would be affected by Article 1358a, do not have the right to challenge its constitutionality. While we recognize the general rule relied on by appellants, it is our view that under the facts of this case the appellees, having been sued, were and are entitled to resist appellants' claims and to take the

position that the statute, if given the retroactive effect demanded by appellants, would conflict with the Constitution. As hereinabove stated, they do not attack the law generally. Moreover, the Mercantile National Bank at Dallas, as custodian, and the guardian *ad litem* "for all persons interested in claiming or asserting an interest in the property in question" were certainly entitled to take any position which could be taken by those for whom they were acting, and no one could deny that the rights of such persons would be affected, if not actually destroyed, by the statute.

The State of Texas' claimed right of escheat would likewise be affected. Therefore, we overrule appellants' contention in this respect.

We feel that the court made a correct disposition of the case. All of appellants' points of error are overruled, and the judgment appealed from is

Affirmed.