Kenneth Cy HARDING, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00994–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 30, 1992.

Douglas M. O'Brien, Houston, for appellant.

John B. Holmes, Atty. Gen., J. Harvey Hudson, David Pendleton, Asst. Attys. Gen., for appellee.

Before SAM BASS, WILSON and COHEN, JJ.

## OPINION

WILSON, Justice.

A jury found appellant guilty of aggravated robbery on March 13, 1986, found an enhancement paragraph true, and assessed punishment at 60–years confinement. On November 13, 1986, this Court reversed the conviction based on error committed in the punishment phase of the trial.[1] After the State filed a petition for discretionary review, which was denied by the Court of Criminal Appeals on February 28, 1988, this Court issued its mandate for reversal on April 18, 1988.

On August 31, 1987, after the conviction was reversed by our Court, and prior to the final disposition of the State's petition for discretionary review, an amended article 44.29 of the Code of Criminal Procedure became effective. The article was amended with the addition of paragraph "b", which reads as follows:

> If the court of appeals or the Court of Criminal Appeals awards a new trial to the defendant only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Subsection (b), Section 2, Article 37.07, of this code. If the defendant elects, the court shall empanel a jury for the sentencing stage of the trial in the same manner as a jury is empaneled by the court for other trials before the court. At the new trial, the court shall allow both the state and the defendant to introduce evidence to show circumstances of the offense and other evidence as permitted by Section 3 of Article 37.07 of this code.

Tex.Code Crim.P.Ann. art. 44.29(b) (Vernon Supp.1992).

Only the punishment phase was retried on remand, and a jury sentenced appellant to 80–years confinement. In his sole point of error, appellant claims the trial court erred by applying article 44.29(b) to the retrial of his case, thereby denying him a rehearing on the guilt/innocence phase of his previous trial. Appellant argues that the State's failure to amend its pending petition for discretionary review after the statute was amended, and thereby to request the Court of Criminal Appeals to reform this Court's mandate to specify a retrial on punishment only, bars the trial judge from applying 44.29(b) to appellant's case.

---

1. *Harding v. State,* No. 01–86–00213–CR, 1986 WL 12885 (Tex.App.—Houston [1st Dist.], Nov. 13, 1986, pet. ref'd) (unpublished).

In other words, appellant contends that this Court's opinion language in 1986, "the judgment of the trial court is reversed and the case is remanded to the trial court," required the trial judge to retry the entirety of the case when it was written, and its meaning cannot be altered to the disadvantage of appellant by legislative fiat.

The ex post facto prohibition in article 1 of the United States Constitution forbids Congress and the States to enact any law that imposes a punishment for an act that was not punishable at the time it was committed; or imposes additional punishment to that then prescribed. *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 963, 67 L.Ed.2d 17 (1981). The prohibition on the passage of ex post facto laws does not give a criminal a right to be tried, in all respects, by the law in force when the crime charged was committed. *Dobbert v. Florida*, 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977). Simply because a law may operate to a defendant's detriment, the ex post facto prohibition does not restrict legislative control of remedies and modes of procedure that do not affect matters of substance. *Miller v. Florida*, 482 U.S. 423, 433, 107 S.Ct. 2446, 2452, 96 L.Ed.2d 351 (1987). Thus, no ex post facto violation occurs if the change in the law is merely procedural. *Id.* Absent an express provision to the contrary, procedural statutes control litigation from their effective date, and apply to litigation then pending. *Wade v. State*, 572 S.W.2d 533, 534 (Tex. Crim.App.1978); *Cooper v. State*, 769 S.W.2d 301, 306 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd).

The fundamental question of whether article 44.29(b) is an unconstitutional ex post facto act when applied to retrials of reversals mandated prior to August 31, 1987, has been decided adversely to appellant. *Grimes v. State*, 807 S.W.2d 582, 587 (Tex. Crim.App.1991); *Cooper v. State*, 769 S.W.2d at 306.

Appellant attempts to distinguish *Grimes* by saying the State amended its petition for discretionary review in *Grimes* to reform the portion of the opinion of the court of appeals that did not remand for a punishment hearing only. We find no authority recognizing such a distinction based on the State's failure to act between amendment of the law and retrial, and decline to do so as a matter of first impression. Appellant seems to suggest by citing *Jenckes v. Mercantile National Bank*, 407 S.W.2d 260 (Tex.Civ.App.—Dallas 1966, writ ref'd n.r.e.), that the judgment of our court issued in 1986 has the same finality as the *Jenckes* judgment. As this litigation has continued unabated since appellant's original conviction, appellant has yet to receive a final judgment. Thereby, we find no basis to apply the *Jenckes* case to appellant.

Appellant's point of error is overruled and the judgment of the trial court is affirmed.