Gene McCALL et al., Appellants,

v.

B. F. PRESLEY, Appellee.

No. 7575.

Court of Civil Appeals of Texas,
Beaumont.

June 27, 1974.

Motion for Rehearing Overruled
July 25, 1974.

Barney Knight, City Atty., Gerald M. Brown, James L. Carroll, Temple, for appellants.

J. W. Thomas, Jr., Temple, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court granting a mandamus requiring the issuance of a building permit. The parties will be referred to here as they were in the trial court.

Plaintiff, B. F. Presley, applied for a building permit from the City of Temple, which application was denied. Appeal was taken to the Board of Appeals of the City of Temple, and, after evidence was heard, the appeal was denied. This action for mandamus was then filed naming Gene McCall as "building official" and the City

of Temple as defendants. Trial was before the court, and findings of fact and conclusions of law were made and filed by the trial court.

Plaintiff and his wife purchased two lots in the Riverside Park Addition to the City of Temple, in July, 1972. Plaintiff then made the application for the permit in question in August, 1972, which was denied on the grounds that: (1) a sanitary sewer was not available, and an approval from the Health Department had not been acquired; (2) adequate water was not available; and (3) no curb and/or gutter was installed.

The chief bone of contention in the hearing before the Board of Appeals was the adequacy of the water supply. The City of Temple enacted the National Building Code containing the following provision:

"1401.2. Water supply.

"a. Every building in which people live, work or congregate shall be provided with ample water supply installed and maintained in a satisfactory working condition."

The trial court's Finding of Fact No. 3 read as follows:

"3. Water was available for the house proposed for construction in the building permit application within the meaning of the National Building Code . . . [as quoted above] under the arrangement in which Mrs. Atara Cryer gave Plaintiff permission to connect the water facilities of the house proposed for construction to her neighboring two-inch line connected with the (Defendant) City of Temple water system."

In Conclusion of Law No. 11, the trial court found that the finding by the Board of Appeals that water was not available within the meaning of the National Build-

ing Code was not reasonably supported by substantial evidence. Then, in Conclusion of Law No. 17, the trial court found that water was available within the meaning of the National Building Code under the arrangement in which Mrs. Atara Cryer gave plaintiff permission to connect the proposed construction to the Cryer two-inch line.

One of the landmark cases announcing the "substantial evidence rule" is Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73 (1939). It is there stated, in essence, that the administrative board is to determine any controverted fact question necessary or proper to be determined in passing upon applications. At page 82 we find the following:

"The court, on appeal from Commission's order, should not set aside an order of the Commission either granting or refusing to grant a well permit unless such order is illegal, unreasonable, or arbitrary. In so far as the fact findings upon which the order is based are concerned, the order is not illegal, unreasonable, or arbitrary if it is reasonably supported by substantial evidence. Stated in another way, the court does not act as an administrative body to determine whether or not it would have reached the same fact conclusion that the Commission reached, but will consider only whether the action of the Commission in its determination of the facts is reasonably supported by substantial evidence. 34 Tex.Jur., p. 712, sec. 11, and authorities there cited. To permit the court to substitute its fact findings on controverted issues of fact in such instances would add nothing of value to the administration of the law or the rule under discussion, but, to the contrary, would destroy all uniformity of Commission administration thereunder. We here pause to remark that conditions as they existed at the time the Commission acted are the determining factors."

As restated in City of San Antonio v. Texas Water Commission, 407 S.W. 2d 752 (Tex. 1966), the orders of the Commission are presumed to be legal and valid, and the burden is on the party appealing from the Commissioner's order to show that the orders are not reasonably supported by substantial evidence. Therefore, in the case before us, we must determine if plaintiff sustained the burden of showing that the orders appealed from were not supported by substantial evidence. In making such a determination, neither the trial court nor this court can substitute its discretion for that committed to the Board of Appeals by the Legislature.

The Supreme Court of Texas gave the Courts of this state some guidelines to use in Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424 at 441, as follows: .

" 'Hence it is generally recognized that where the order of the agency under attack involves the exercise of the sound judgment and discretion of the agency in a matter committed to it by the Legislature, the court will sustain the order if the action of the agency in reaching such conclusion is reasonably supported by substantial evidence. *This does not mean that a mere scintilla of evidence will suffice, nor does it mean that the court is bound to select the testimony of one side, with absolute blindness to that introduced by the other. . . . If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside.'* "

See also, Reavely, "Substantial Evidence and Insubstantial Review in Texas," 23 SW.L.J. 239 (1969).

Fred Lewis, Building Inspector of the City of Temple, testified that the building permit was denied because there was not adequate water. Robert Guess, City Utility Director, testified that there was not enough water there for a line to supply the house in question; that there was no elevated storage in the area, and, if the machinery stopped, theoretically there would be no water in the line; that there was no waterline sufficient to provide fire protection for a house on this lot. Pedro Salazar, Jr., the City Chief Plumbing Inspector, testified that he went out to the proposed site, and, after going into the Cryer home and talking with them, he told them there might not be sufficient water for another house.

On the other hand, Mrs. Cryer testified she told plaintiff he could connect onto her water system and gave him a letter to that effect. She and her husband had put in the waterline and got water from the City of Temple. She also testified Salazar told her there was good pressure on her line and that maybe two more houses could be connected to the line.

We are sympathetic with plaintiff and the position he finds himself in, but we are obligated to follow the rules of law laid down by the Supreme Court of this state. The Legislature has authorized the Board of Appeals to exercise sound judgment and discretion in the determination as to whether building permits should be issued. In the instant case, the Board of Appeals made a decision that, among other things, there was not adequate water available to this location. There is much more than a scintilla of evidence supporting such a decision. We cannot conclude that reasonable minds could not have reached the decision made by the Board of Appeals. It was error for the trial court to enter the judgment it did. We proceed to enter the judgment the trial court should have rendered.

The judgment of the trial court is reversed and rendered that plaintiff take nothing.

Reversed and rendered.

KEITH, Justice (concurring).

The function delegated to the Board of Appeals in this case was essentially legisla-, tive in nature, not judicial. Texas Vending Com'n v. Headquarters Corp., 505 S. W.2d 402 (Tex.Civ.App., Austin, 1974, error ref. n. r. e.), and cases therein cited. Thus, the trial court's review of the Board's order could be made only under the substantial evidence rule of procedure; and, the only issue to be decided by the court upon which evidence was heard properly was the reasonableness of the Board's order. That presented a question of law, for, as was said in Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619, 623 (1958): "[T]he legal test of the reasonableness of an order of an administrative agency is whether it is reasonably supported by substantial evidence and not whether it is supported by a preponderance of the evidence."

Findings of fact by the trial court so common to the ordinary civil suit tried *de novo* have no place in a case tried under the substantial evidence rule of procedure. The plaintiff labored under the burden of showing, if he could, that the order was not supported by substantial evidence. Findings of fact based upon conflicting evidence will not suffice to discharge the burden. Cf. Live Oak County v. Lower Nueces River Water Supply District, 446 S.W.2d 14, 27 (Tex.Civ.App., Beaumont, 1969, error ref. n. r. e.).

Upon appeal, "[t]he record is to be considered as a whole; and being a question of law, it is for this court to determine what is to constitute such evidence." Railroad Commission of Texas v. Manziel, 361 S.W.2d 560, 565, 93 A.L.R.2d 432 (Tex. 1962). See also, City of San Antonio v. Texas Water Commission, supra (407 S. W.2d at 758).

Justice STEPHENSON has reviewed the record under the correct standard, i. e., the substantial evidence rule, and I concur in his evaluation thereof and in the judgment entered.