CITY OF MANVEL, Appellant,

v.

TEXAS DEPARTMENT OF HEALTH
RESOURCES and City of Pearland,
Texas, Appellees.

No. 8132.

Court of Civil Appeals of Texas,
Beaumont.

Aug. 15, 1978.

Rehearing Denied Sept. 7, 1978.

Paul Gosselink, Asst. Atty. Gen., Austin, Eugene J. Pitman, Houston, for appellant.

Sam Graham, Austin, Sears and Burns, C. Charles Dippel, Houston, for appellees.

CLAYTON, Justice.

Our prior opinion in this cause is withdrawn, and this opinion is substituted in lieu thereof.

Appellant, City of Manvel, filed suit in the district court of Travis County against the Texas Department of Health Resources (hereinafter referred to as Department) and the City of Pearland, appealing from the administrative order of the Department granting the City of Pearland a permit to operate a sanitary landfill within the corporate limits of Manvel, such proceedings for the permit being brought pursuant to the terms of *Tex.Rev.Civ.Stat.Ann. art. 4477–7, § 9* (Supp.1978) (the Solid Waste Disposal Act) and *art. 6252–13a, § 19* (Supp.1978) (the Administrative Procedure and Texas Register Act). The trial court rendered its judgment that appellant take nothing and awarded costs to appellees, from which judgment appellant has perfected this appeal.

The City of Pearland's application for the landfill site was filed in July of 1975. On September 2, 1975, the Department furnished copies of the application to the City of Manvel. The City filed its response to the application on September 26, 1975. The hearing on the application was held on April 6, 1976.

The trial court tried this case solely upon the record of the proceedings in the hearing conducted by the Department pursuant to *Tex.Rev.Civ.Stat.Ann. art. 6252 -13a, § 19(d)(3)* (Supp.1978). No additional evidence was offered or received by the trial court.

In appellant's first and second points complaint is made that the Department's order in granting the permit to Pearland was "made upon unlawful procedure, in violation of Department's rules" and "the procedure followed by Department denied appellant notice and reasonable opportunity to defend against the application." Appellant's entire argument under these two points is directed to the failure of the Department to follow and comply with the provisions of its adopted regulations styled "Municipal Solid Waste Management Regulations." A copy of such regulations was attached to appellant's brief as Appendix A. These regulations were not introduced into evidence, and they do not appear anywhere in the record. We agree with the Department's argument, as stated in its brief, that "[n]either the trial court nor this Court could take judicial notice of any rules of the Department. Such rules must be proved as any other evidence in order to be admissible." See *Imperial American Resources Fund, Inc. v. Railroad Commission of Texas,* 557 S.W.2d 280, 288 (Tex.1977); *Byrd v. Trevino-Bermea,* 366 S.W.2d 632, 635 (Tex.Civ.App.—Austin 1963, no writ). Appellant has offered no reason or circumstances why this rule does not apply to the regulations involved in this case. Such regulations not appearing in the record and since we cannot take judicial notice of such regulations, they are completely foreign to the record and cannot be considered. *Nixon v. Royal Coach Inn of Houston,* 464 S.W.2d 900, 901 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ); *Henslee v. State,* 375 S.W.2d 474, 476 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.); *Freeman v. Anderson,* 119 S.W.2d 1081, 1083 (Tex.Civ.App.—Waco 1938, no writ); *Yeager v. Bradley,* 246 S.W. 688, 690 (Tex.Civ.App.—Austin 1922) writ ref'd per curiam, 114 Tex. 581, 278 S.W. 1115 (1923). There is no competent evidence in the record of the contents of any rules or regulations of the Department concerning the granting of a permit to operate a sanitary landfill.

■ This is a substantial evidence rule case, and when judicial review of an administrative action is governed by the substantial evidence rule, the action of the administrative body is presumed to be legal and valid, and the burden is on the party appealing from the order to show that the order is not reasonably supported by substantial evidence. *City of San Antonio v. Texas Water Commission,* 407 S.W.2d 752, 758 (Tex.1966); *Cusson v. Firemen's and Policemen's Civil Service Commission of San Antonio,* 524 S.W.2d 88, 90 (Tex.Civ. App.—San Antonio 1975, no writ); *McCall v. Presley,* 512 S.W.2d 693, 695 (Tex.Civ. App.—Beaumont 1974, writ ref'd n. r. e.).

The burden was upon the appellant to show the "unlawful procedure" of which it complains, i. e., failure to comply with the provisions of such regulations, and this burden could not be discharged unless the rules and regulations of the Department were introduced into evidence. The order of the Department is presumed to be valid. Appellant, who challenged the order, had the burden of producing evidence establishing the invalidity of the order. See *Herron v. City of Abilene,* 528 S.W.2d 349 (Tex.Civ. App.—Eastland 1975, writ ref'd). Appellant failed to discharge such burden. Points one and two are overruled.

Appellant's third point complains of error in "Rendering judgment that it take nothing upon its appeal, as the permit issued was in violation of a valid ordinance of appellant, the City of Manvel." It is undisputed that the site, the subject of the application for sanitary landfill operation, lies within the corporate limits of appellant. It is also undisputed that appellant enacted an ordinance in December 1973 which expressly provides:

"No one shall maintain, operate, develop any garbage dump, sanitary landfill operation for the disposal of garbage . . . or any other facility for the disposal of solid waste matter of any type within the city limits of the City of Manvel, Texas, without first obtaining a permit therefor from the City of Manvel. . . . ."

No permit was sought by Pearland, and none was granted to it.

*Tex.Rev.Civ.Stat.Ann. art. 4477–7* (Supp. 1978), the Solid Waste Disposal Act is a comprehensive enactment setting forth a regulatory scheme for solid waste disposal. The Act authorizes the Department to regulate the disposal of municipal solid waste and enables the Department to require and issue permits authorizing and governing the operation and maintenance of sites used for disposal of such wastes.

*Sec. 6a of art. 4477–7* provides:

"No incorporated city or town may abolish or restrict the use or operation of a solid waste disposal site . . . within its limits . . . if the solid waste disposal site . . . .:

(1) was in existence at the time the city or town was incorporated or was in existence at the time the city or town annexed the area where it is located; and

(2) is operated in substantial compliance with all applicable state and county regulations."

Assuming, without deciding, the validity of Manvel's ordinance, the record reflects a finding for the proposed grant of the permit to Pearland that:

"Use of this existing site for brush demolition purposes began prior to the annexation of the property by the City of Manvel, Texas. Inspection showed the site was essentially in compliance with rules and regulations of the Texas Department of Health Resources."

and that

"An original permit application was made by the City of Pearland, Texas to the Texas Department of Health Resources . . . for permission to continue operation of a Type 1 municipal solid waste site in the City of Manvel, Texas."

■ In its attempt to show that its ordinance complied with the terms of *Tex.Rev. Civ.Stat.Ann. art. 4477–7, § 6a* (Supp.1978), appellant states in its brief that "It is established by the testimony of the witnesses

[naming five witnesses and referring to a letter App. A to the Trial Court Brief] that no landfill operation was conducted upon the site, in compliance with any rule or regulation of the Department, prior to the annexation of that area by Manvel." These references made to assert fact questions do not contain any references to the record where the matters asserted may be found. The record concerning these possible fact assertions consists of a statement of facts which is not indexed as to names of the witnesses, and two volumes of exhibits, the pages of which are not numbered or the contents being indexed, all of which consists of more than 800 pages. The burden is on appellant that the record supports its contentions and to point out the place in the record where the matters complained of are shown. See *Kropp v. Prather*, 526 S.W.2d 283 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.); *Sims v. McKnight*, 420 S.W.2d 173, 178–79 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n. r. e.); *Little Rock Furniture Mfg. Co. v. Dunn*, 218 S.W.2d 527, 534 (Tex.Civ.App.—Fort Worth), affirmed, 148 Tex. 197, 222 S.W.2d 985 (1949). Appellant has failed to meet its burden. This point is overruled.

Appellant's fourth and fifth points urge error in rendering judgment against it as the "order of the Department was not reasonably supported by substantial evidence" and that such order "is arbitrary and capricious."

■ There is testimony in the record reflecting that there is no other location for the disposal of Pearland's solid waste in the foreseeable future except the fifty acre tract in controversy. Engineering studies and findings were made to the effect that within the one and one-half mile area surrounding the subject site, the prevailing land use was sparse single-family residential development, fallow land, grazing land, and either on-going or abandoned oil field production. This area is the least populated area of Brazoria County. Other evidence was introduced relating to the protection of surrounding land use, prevailing winds, soil studies and ground water protection, and the feasibility and desirability of the Pearland site for use as a sanitary land site, and drainage and flooding propensities. Some of the testimony was conflicting in certain respects, but such conflict would merely affect the weight of the evidence. The reviewing court cannot substitute its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion. *Tex.Rev.Civ. Stat.Ann. art. 6252–13a, § 19(e)* (Supp.1978).

■ Based upon the entire record before us, we are of the opinion the order of the Department is reasonably supported by substantial evidence. Based upon the same evidence and reasons stated above, appellant has failed to establish such order was arbitrary and capricious. Points four and five are overruled.

■ Appellees, by proper cross-point, urge the trial court erred in refusing to tax, as court costs, the cost of the administrative transcript. The trial court adjudged all court costs against appellant. Appellees filed a motion in the trial court, requesting that the cost of the transcript of the record in the hearing before the Department be assessed and taxed against appellant as court costs. The trial court refused to do so, holding that the cost of such transcript, as a matter of law, is not a "cost of court." We agree.

Appellees have cited no cases, and we have found none, and no statutory authority for taxing, as court costs, the cost of the transcript of the proceedings of the hearing conducted by the Department.

*Tex.Rev.Civ.Stat.Ann. art. 6252–13a* (Supp.1978), the Administrative Procedure and Texas Register Act, provides for the procedure for judicial review of all contested cases appealed from a final decision of the Department. *Sec. 19(d)(1)* of such Act provides that:

"After service of the petition on the agency, . . ., the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. By stipulation of all parties to the review pro-

ceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs."

The Legislature, in enacting the above-quoted section of *art. 6252–13a*, made it mandatory for the Department to transcribe the entire proceedings before the Department and transmit such transcript to the reviewing court. There is no legislative pronouncement that the costs therefor should be paid for or assessed against any party. The only reference to costs is in the event a party unreasonably refuses to stipulate to limit the record, in which event the court may tax the additional costs to the party so refusing. If the Department has to bear the cost of the transcript, then it is to the financial benefit of the Department that the parties cooperate in limiting the record. Any unreasonable action in refusing to limit the record is penalized by the possibility that the additional costs of the record could be taxed against the uncooperative party.

The fact that the Legislature makes it possible for the reviewing court to tax only the costs of such portion to a party strengthens the view that the costs of the entire record is to be borne by the Department. *Sec. 13a(g)* of the Act provides that "Proceedings, or any part of them, must be transcribed on written request of any party. The agency may pay the cost of the transcript or assess the cost to one or more parties." This provision applies when there is no appeal. It is clear the Legislature, permitting the Department to pay for such transcript, in such instances, considered the cost thereof to be no more than a cost of "doing business."

In the absence of statutory authority for assessing costs of the transcript involved herein, and the obvious intent to the Legislature to preclude such assessment of the costs thereof as court costs, we hold that the cost of the transcript of the proceedings before the Department is not an item to be included in and assessed as court costs within the meaning of *Tex.R.Civ.P. 127* and *131*. This cross-point is overruled.

No error being shown, the judgment of the trial court is affirmed.

AFFIRMED.