**CITY OF BELLS, et al., Appellants,**

v.

**TEXAS DEPARTMENT OF HEALTH, et al., Appellees.**

**No. 14466.**

Court of Appeals of Texas, Austin.

Dec. 11, 1985.

Roger D. Sanders, Sherman, for appellants.

Jim Mattox, Atty. Gen., Scott Lehecka, Asst. Atty. Gen., Austin, for Texas Dept. of Health.

Brent W. Ryan, Leslie E. Barras, Austin, for Greater Texoma Utility Authority.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

The City of Bells appeals from an order of the district court of Travis County dismissing its administrative appeal. This Court will set aside the district court's order and remand the cause to the district court.

Bells took an administrative appeal from an adverse order of the Texas Department of Health granting a permit to Greater Texoma Utility Authority to operate a landfill within Bells' boundaries. On the agency's motion, the district court extended the time for the agency to file the administrative record "until further order of the Court."

More than a year later, the agency filed a motion to dismiss the administrative appeal predicated upon "the continuing failure of [Bells] to provide the transcript of the agency proceeding so that the same may be filed with the court as required by law." The district court granted the motion and dismissed the administrative appeal.

In defense of the dismissal order, the agency relies upon its rule, 25 T.A.C. § 1.29(g)(3) [1]:

> In the event a final decision of the agency is appealed to the district court wherein the agency is required to transmit to the reviewing court a written transcript of the hearing proceeding, or any part thereof, the agency may:

(A) require the appealing party to file with the agency the original and one copy of such written transcript; or

(B) acquire such written transcript directly from the court reporter or other person preparing the same and thereafter assess the cost of the original and one copy of such transcript against the appealing party as reimbursement for the cost of same.

The agency rule, of course, requires an appealing party, if ordered by the agency, to furnish a transcript of the proceedings. Because Bells failed to abide by the rule and file the transcript with the agency, the agency insists that the district court correctly dismissed Bells' administrative appeal. This Court does not agree.

■ The order of dismissal will be set aside for at least two reasons. First and most important, Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 19(d)(1) places the responsibility upon the agency to file the administrative record with the district court. Section 19(d)(1) provides in pertinent part:

> (1) after service of the petition on the agency, and within the time permitted for filing an answer (or such additional time as may be allowed by the court), the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review and such agency record shall be filed with the clerk of the court.

---

1. The agency was empowered to promulgate its rule pursuant to Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 13(g). Section 13(g) provides:

   (g) Proceedings, or any part of them, must be transcribed on written request of any party. The agency may pay the cost of the transcript or assess the cost to one or more parties. This Act does not limit an agency to a stenographic record of proceedings.

   Bells, relying on *City of Manvel v. Texas Department of Health Resources*, 573 S.W.2d 825, 829 (Tex.Civ.App.1978, writ ref'd n.r.e.), contends § 13(g) allows agencies to assess costs only when there is no appeal. To the contrary, § 13(g) applies to the preparation of transcripts for purposes of administrative appeal. The legislature by § 13(g) intended to allow agencies to defray the often substantial transcription costs by charging them to the party requesting the

transcript. To construe § 13(g) to deny agencies this authority in the very situation in which transcript costs arise a great majority of the time—in preparation for judicial review—would emasculate § 13(g).

We note that the legislature recently amended § 19 by adding subsection (f) which provides:

   An agency by rule may require a party who appeals a final decision in a contested case to pay all or a part of the cost of preparation of the original or a certified copy of the record of the agency proceeding that is required to be transmitted to the reviewing court. A charge imposed as provided by this subsection is considered to be a court cost and may be assessed by the court in accordance with the Texas Rules of Civil Procedure.

1985 Tex.Sess.Law Serv., Ch. 239, § 55 at 2015, 2056.

In our opinion, § 19(d)(1) mandates that the agency file the administrative record with the district court whether or not the appealing party pays for the transcript of proceedings. *See City of Manvel v. Texas Department of Health Resources,* 573 S.W.2d 825 (Tex.Civ.App.1978, writ ref'd n.r.e.). The appealing party's failure to comply with the agency rule does not relieve the agency of its statutory duty to prepare and file the administrative record.[2]

Second, the agency did not attempt to invoke its power under its rule to require Bells to furnish the transcript until June 21, 1984, some sixteen months after the date of the agency order and about twelve months after the administrative appeal was filed in district court. The agency is not in a position to complain of Bells' failure to file the transcript when it did not direct Bells to do so until many months after the date of its order and the filing of the administrative appeal.

The order dismissing the administrative appeal is set aside and the cause is remanded to district court.

---

**2.** Our view of the relationship between § 19(d)(1) and § 13(g) is consistent with Sections 4–211(5) and 5–115(c) of the 1981 revision of the Model State Administrative Procedure Act:

Section 4–211(5) provides as follows:
The presiding officer shall cause the hearing to be recorded at the agency's expense. The agency is not required, at its expense, to prepare a transcript, unless required to do so by a provision of law. Any party, at the party's expense, may cause a reporter approved by the agency to prepare a transcript from the agency's record ...

Section 5–115(c) states:
The agency shall charge the petitioner with the reasonable cost of preparing any necessary copies and transcripts for transmittal to the court. (A failure by the petitioner to pay any of this cost to the agency does not relieve the agency from the responsibility for timely preparation of the record and transmittal to the court.)

The drafters' comment to § 5–115 explains the solution which the 1981 revision of the Model Act has reached: "A bracketed sentence in subsection (c) adds that, even if the petitioner does not pay the cost, the agency must still prepare the transcript on time. This solution requires the agency to bankroll the cost of the transcript, with the possibility of recovering from the petitioner later on."