Fred G. DAVIS III, Appellant,

v.

BEXAR COUNTY SHERIFF'S CIVIL SERVICE COMMISSION, Appellee.

No. 04–87–00689–CV.

Court of Appeals of Texas, San Antonio.

Aug. 9, 1989.
Rehearing Denied Sept. 13, 1989.

R. Robert Willmann, Jr., Charles D. Butts, and Harry A. Nass, Jr., San Antonio, for appellant.

Fred Riley Jones and Gilbert Vara, Jr., Sawtelle, Goode, Davidson & Troila, San Antonio, for appellee.

CADENA, C.J., and BIERY and REEVES, JJ.

## OPINION

BIERY, Justice.

ON APPELLANT'S MOTION FOR RE-HEARING EN BANC ON APPEL-LEE'S MOTION FOR REHEARING

The opinion of this Court delivered June 21, 1989, is withdrawn, and this opinion is substituted.

The appellant's and the appellee's motions for rehearing are denied.

Appellant was dismissed from his position as a captain in the Bexar County Sheriff's Office. Appellee affirmed the dismissal. The district court upheld appellee's order. Appellant advances nine points of error and seeks reversal of the district court's decision and reinstatement to his former position.

The dispositive issue presented is whether our constitutional concepts of fair play and due process require that a person be given notice of the identity of his accusers before being deprived of a constitutionally protected property right. We answer in the affirmative and remand for further proceedings.

Appellant was served with notice of the proposed dismissal on September 16, 1985. According to the dismissal notice, appellant had violated department rules pertaining to sexual harassment, conduct that would seriously impair job effectiveness and conduct detrimental to the department. The notice alleged specific acts of sexual harassment directed toward complainant Debbie Windler and other female employees but did not name the other accusers. The only named accuser, Debbie Windler, did not appear to testify before appellee or the trial court. Several other witnesses did testify, though appellant was not notified of their identity prior to the hearing.

Appellant argues in his first four points of error that he was denied due process. First, appellant contends that he was never given notice of the identity of his accusers, the means by which the alleged violations occurred, the dates or the places. Second, appellant states that appellee violated its own procedural rules. Third, appellant alleges that appellee failed to apprise him of the specifics of the allegations against him. Finally, appellant argues that appellee's failure to grant him a pre-termination hearing resulted in a denial of due process.

The United States Supreme Court in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) addressed due process rights as they pertain to the continued employment of public servants. In *Loudermill*, petitioner hired respondent as a security guard. Respondent indicated on his job application that he had never been convicted of a felony, but petitioner subsequently learned that respondent had been convicted of grand larceny. Upon learning of the conviction, the petitioner dismissed respondent for dishonesty in filling out the job application. Petitioner failed to give respondent an opportunity to respond to the charge or challenge the dismissal.

The Supreme Court first noted that respondent, a civil servant, possessed a property right in continued employment. *Loudermill*, 470 U.S. at 539, 105 S.Ct. at 1491. Therefore, the State could not deprive respondent of that property right without due process. Having established respondent's right to due process with re-

spect to continued employment, the Supreme Court then had to determine what process is due under these circumstances. *Id.* at 541, 105 S.Ct. at 1492, *citing Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

The root requirement of the due process clause is that an individual be given an opportunity for a hearing before he is deprived of any significant property interest. *Loudermill*, 470 U.S. at 542, 105 S.Ct. at 1493, *citing Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). Although a hearing is necessary, it need not be elaborate. The essential procedural requisites will vary depending on the facts and circumstances of each case. *Loudermill*, 470 U.S. at 545, 105 S.Ct. at 1495. Prior to an adverse administrative proceeding, something less than a full evidentiary hearing is usually sufficient. *Id.*

Finally, *Loudermill* held that due process requires that notice and hearing be given prior to the termination proceeding. The Supreme Court reasoned, "To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." *Loudermill*, 470 U.S. at 546, 105 S.Ct. at 1495. *See* Friendly, *Some Kind of Hearing*, 123 U.PA.L.REV. 1267 (1975).

Appellee, through the Bexar County Sheriff's Civil Service Commission rules, provides a process by which an employee may contest his proposed dismissal. According to Rule 2.43[1], an employee may be dismissed from the Sheriff's Department for just cause. Rule 9.02 itemizes the grounds for dismissal. These grounds include sexual harassment, conduct or action that would seriously impair job effectiveness and conduct which has been proven detrimental to the department. Appellant was cited for violation of these rules.

According to Rule 9.12, an employee is to be informed in writing of a disciplinary action at the time of the action or as soon as possible after the action is taken. Pursuant to Rule 9.13, the written statement should contain: the alleged action requiring discipline; the policy or rule violated; the necessary corrective action; the nature of discipline being enforced; and the employee's right to appeal the action. The notice of proposed dismissal complied with all of these rules but did not name the accusers who made the allegations and who actually appeared to testify against appellant.

In addition to notice requirements, the rules also set out a procedure for appeals by employees. Rule 10.03 permits an employee to file a grievance within five calendar days, exclusive of holidays and weekends, from the date of occurrence of the action or the date of receipt of written notification. In the case of a proposed dismissal, the grievance is filed directly with the division head (Rule 10.5). If the employee is dissatisfied with the response to his grievance, he may appeal to the Commission, which may conduct an investigation or hold a hearing (Rules 11.01, 11.02). The employee may appear personally at the hearing, produce evidence, call witnesses and have an attorney present (Rule 11.04). An employee may appeal the Commission's final decision to district court not later than 30 days after the issuance of the decision (Rule 11.07).

In this case, appellant was suspended without pay upon receipt of notice of the proposed dismissal. The notice set forth the specific grounds and rule numbers upon which the proposed dismissal was based. Finally, the notice identified one accuser, one location and a general time frame followed by a series of specific accusations by unnamed fellow female employees. Appellant complains that this notice was insufficient and, therefore, he was denied due process.

Appellee is empowered to adopt and enforce rules pertaining to dismissal of employees. TEX. LOCAL GOV'T CODE

---

1. Unless otherwise stated, all references are to the Bexar County Sheriff's Civil Service Com-

§ 158.035(a)(4) (Vernon 1988).[2] The rules must be consistent with the needs and circumstances of the sheriff's department. TEX. LOCAL GOV'T CODE § 158.035(b). As discussed earlier, the rules adopted by appellee contain certain notice provisions that, on their face, meet constitutional due process requirements as set out in *Loudermill*. The notice in this case listed the rules allegedly violated and contained specific acts but did not name any accusers who actually appeared and testified against appellant.

■ We hold that the notice provisions, as applied, do not pass constitutional scrutiny because the notice did not apprise appellant of his accusers. Points of error one through four are sustained to the extent that they challenge the failure of the notice to name the accusers. In all other respects, points of error one through four are overruled.

Appellant argues points of error five through seven together. They are as follows: the trial court committed reversible error in failing to grant the relief prayed for by appellant because he and a representative were denied the opportunity to be present at any investigatory interviews prior to the filing of charges against him by the sheriff; appellant was deprived of his constitutional right to the effective assistance of counsel because after learning that appellants had employed counsel, the sheriff, his employees and the Bexar County Sheriff's Civil Service Commission denied appellant's counsel the right to inspect documents and statements, the identity of witnesses and his accusers, as well as the specific details critical to an adequate defense; and because of the lack of notice in the order of dismissal as to witnesses testifying before the commission and the failure of the one named witness to testify before the commission, there is no evidence, substantial or otherwise, upon which the commission or the district court could sustain the sheriffs' dismissal of appellant. The crux of appellant's argument is that due process requires notice, right to counsel and effective assistance of counsel and that tainted hearings are unconstitutional.

Appellant relies on *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) and contends that *Goldberg* holds as follows: a pre-termination hearing is required under the circumstances; a recipient's right to avoid an erroneous termination of benefits overtakes certain state administrative interests; and a pre-termination hearing must include confrontation, cross-examination, the right to retain an attorney and the opportunity to present evidence. The facts in *Goldberg* are distinguishable from those of the case at bar.

*Goldberg* involved welfare recipients whose benefits were terminated or were about to terminate in violation of due process. In reaching its conclusions, the Supreme Court addressed the unique position of welfare recipients:

> For qualified recipients, welfare provides the means to obtain essential food, clothing, housing and medical care. [Citations omitted]. Thus *the crucial factor in this context—a factor not present in the case of* the black-listed government contractor, *the discharged government employee*, the taxpayer denied a tax exemption, or virtually anyone else whose government entitlements are ended—is that termination of aid pending resolution of a controversy over eligibility may deprive an eligible recipient of the very means by which to live while he waits. His need to concentrate upon finding the means for daily subsistence, in turn, adversely affects his ability to seek redress from the welfare bureaucracy. *Goldberg*, 397 U.S. at 264 [90 S.Ct. at 1018] (emphasis added) (footnotes omitted).

Because of their extremely difficult circumstances, eligible welfare recipients are entitled to a pre-termination hearing. *Id.* at 268–69, 90 S.Ct. at 1020–21. The *Goldberg* holding, however, clearly excludes discharged government employees from this group. In the case of appellant,

---

mission's rules.

**2.** All references to the Local Government Code are from Vernon 1988.

notice and an opportunity to be heard is sufficient. *Loudermill*, 470 U.S. at 546, 105 S.Ct. at 1495.

■ Appellant also suggests that he was entitled to representation throughout the grievance process. *Sayre v. Mullins*, 681 S.W.2d 25, 28 (Tex.1984). In this case, appellant had such representation. The record reflects that appellant was represented by an attorney before the commission hearing,[3] at the hearing and during the trial. Appellant also argues that he was entitled to pre-trial discovery of the Sheriff's internal affairs investigative file. The decision of the Commission, however, was based on the evidence at the hearing. There was no evidence that any of the investigative materials were offered at the administrative hearing. Therefore, appellant had no due process right to discover that material. *Moore v. Administrator, Veterans Admin.*, 475 F.2d 1283, 1286 (D.C.Cir.1973).

Points of error five and six are overruled. Because the defective notice requires remand, we do not address the sufficiency of the evidence raised in point of error seven.

■ Points of error eight and nine pertain to attorney fees. In his eighth point of error, appellant contends that attorney fees constitute appropriate statutory relief, and in point of error nine, appellant claims that the trial court erred in excluding appellant's evidence of attorney fees.

According to the American Rule, each party is generally required to pay its own attorney fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Under Texas law, attorney fees are recoverable only if expressly authorized by statute or by contract between the parties. *New Amsterdam Casualty Co. v. Texas Indus. Inc.*, 414 S.W.2d 914, 915 (Tex.1967).

Appellant contends that attorney fees are appropriate under TEX LOCAL GOV'T CODE § 158.037 because "other appropriate relief" includes attorney fees. We do not agree. An award of attorney fees may not be supplied by implication but must be provided for by the express terms of the statute. *First City Bank v. Guex*, 677 S.W.2d 25, 30 (Tex.1984). If the legislative had intended to award attorney fees under these circumstances, it would have explicitly called for them in the statute. *Cf.* TEX. LOCAL GOV'T CODE §§ 143.015, 158.037.

■ In addition, we find that the trial court acted within its discretion in excluding appellant's testimony as to attorney fees. Pursuant to TEX.R.CIV.P. 168, appellee requested the names of any expert witnesses that appellant expected to call. Appellee also asked for the names of all persons who had any knowledge of relevant facts concerning this lawsuit. Appellant answered at that time that he had no expert witnesses, and he stated that only the witnesses at the hearing had knowledge of relevant facts. Appellant supplemented the later response but never listed any experts regarding attorney fees.

The only evidence in the record supporting appellant's request is a bill of exception, in which two of his own attorneys testified, and an affidavit by one of those two attorneys. Under these circumstances, appellant has failed to show good cause to require the admission of the testimony. *GATX Tank Erection Corp. v. Tesoro Petroleum Corp.*, 693 S.W.2d 617, 620 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.). We hold that the trial court properly excluded the testimony concerning attorney fees. *E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363, 364 (Tex.1987); *Texas Employers' Ass'n v. Meyer*, 620 S.W.2d 179, 180 (Tex.Civ.App.—Waco 1981, no writ). Points of error eight and nine are overruled.

■ In its only cross-point of error, appellee contends that the trial court erred in denying its motion to tax costs for the preparation of the administrative transcript against Davis. The trial court's decision will not be disturbed unless the record indicates an abuse of discretion. *Rogers v. Walmart Stores, Inc.*, 686 S.W.2d 599, 601 (Tex.1985).

---

3. The commission hearing, with appellant and his counsel present, lasted eight days.

**812**

We hold that the costs of preparing the transcript is nothing more than the cost of doing business. *See City of Manvel v. Texas Department of Health Resources,* 573 S.W.2d 825, 829 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). Furthermore, appellee has not presented any case law or statute to support its position. Appellee's cross-point of error is overruled.

The judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions to remand to the Bexar County Sheriff's Civil Service Commission for further proceedings consistent with this opinion.[4]

---

**4.** Appellant prays for reinstatement and back pay. We do not in this proceeding address the merits or demerits of the allegations and evidence for or against appellant. If, after a proce-durally correct hearing, appellant is exonerated, then reinstatement becomes an issue before the commission.